## HARVICK v. STATE.

BURGLARY: *Intent necessary to constitute.*

To constitute burglary, a house or other building must be broken or entered in the night time, with intent to commit a felony. But one who enters a building with intent to steal from a safe therein all the money it contains, without knowing how much there is, is guilty of burglary, although the safe contains less than ten dollars, and the stealing of that sum, or less than that sum, is by statute (*Mansf. Dig., sec. 1627,*) only a misdemeanor.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

*Sanders & Watkins* for appellant.

One cannot be convicted of burglary, when it is shown conclusively that he has merely committed petit larceny, in the absence of proof showing the felonious intent. A felonious intent is an indispensable element in the crime of burglary. *Whar. Cr. Law, sec. 758; Mansf. Dig., secs. 1616, 1619; Bish. Cr. Law, vol. 1, sec. 736; 2 id., sec. 110; 16 Cal., 431; 29 Iowa, 316; Whart. Cr. Law, sec. 810; Russell on Crimes, vol. 1, p. 823; 22 Pick., 4; 29 Tex., 48; 32 id., 163.*

In this case the amount taken was less than ten dollars' (*Mansf. Dig., sec. 1627*), and there is a total absence of testimony to show a felonious intent.

As to the intent, see *32 Ark., 704; 43 id., 349.*

*Dan W. Jones*, Attorney General, for appellee.

The jury evidently thought and found that appellant expected to get more money when he entered the house; and if he did expect to get ten dollars worth of property, it would have been burglary, although he actually got less. His intent evidently was to steal more than ten dollars if it was there, and this constitutes the felonious intent.

COCKRILL, C. J. Harvick was convicted of burglary. The proof showed that he had entered a barber shop in the night; and carried off five or six dollars in money and a few cigars, in all less than ten dollars in value. When discovered in the shop by two acquaintances, he withdrew, joined them and handed around the cigars, but said nothing about the money,

and did not explain his presence in the shop. The next morning, after breakfast, he offered to return the money to the barber, with whom he was on friendly terms, and then explained that he had found the shop window open, and upon looking in had discovered that the safe was open, when he entered to take charge of the money only to prevent its being stolen. The barber had missed the money, and thought his safe had been burglarized, though there was no evidence of violence. He denied that the money tendered was all that had been taken; Harvick asserted that it was all he got, but readily assented to the payment of the amount claimed by the barber, making in all the amount above stated.

The only point pressed by the appellant is that the proof does not show that he entered the shop with the intent to commit a felony. His conduct when he was called from the shop, and afterwards, did not impress the jury with the truthfulness of the explanation he gave of his motive for entering the house and carrying off the money and cigars, and their verdict fixes the conclusion that he entered with intent to steal.

BURGLARY:
Intent necessary to constitute.

But one who commits larceny of property of the value of ten dollars or less, is, under our statute, guilty of a misdemeanor only (*Mansf. Dig., sec. 1627*); and as the crime of burglary is complete only when the breaking is done or the entry made with the intent to commit a felony, the offence is not committed by one who breaks into or enters a house with intent to commit petit larceny only. As every larceny was a felony at common law, it was enough then to show an intent to commit larceny; but when petit larceny is reduced to a misdemeanor, the breaking or entry with intent to commit that crime, will not constitute burglary. The precise question was ruled in *People v. Murray, 8 Cal., 520;* see, too, *1 Bish. Cr. Law, sec. 736; 2 id., sec. 110; 1 Russell on Crimes, p. 823; Wharton Cr. Law, sec. 810; Mansf. Dig., secs. 1616, 1618.* Section 1619, of Mansfield's Digest, does not affect the ques-

tion.  It cannot be construed to mean that one who enters a building with intent to commit a larceny less than a felony, is guilty of burglary.   It was designed simply to punish the burglar for any felony or larceny he might actually commit after entering the building, as readily as though no burglary had been committed.   It authorizes a conviction of the larceny committed in the building, in addition to, or independently of the burglary.   For the offence of burglary it retains the elements of the statutory definition—that is, an unalwful breaking or entry in the night with intent to commit a felony.   *Sec. 1616, supra.*

It is argued that the prisoner could not have intended to steal more than he could find, and that as all the money in the safe did not amount to ten dollars, he could not have intended to commit a felony.

But the jury have not specially found that he intended to steal money alone.   He entered, according to their verdict, with the intent to steal, generally; he was interrupted in the act when there was more than ten dollars worth of personal property, such as cigars, razors, etc., in his reach.   It was not necessary, in order to complete the crime of burglary, that his anterior intent should have been consummated.   *Dodd v. State. 33 Ark., 517.*   Who can say that it was his intent to confine his operations to the money in the safe?   In point of fact, he did not.   He took cigars as well as money.   We may gather the intent from the act done.   A man is presumed to intend what he does, and the jury could have inferred that, but for the interruption, the prisoner would have appropriated other property as well.

But if there had been no other property except that taken, the case would not be altered.   The prisoner intended to take all the money there was in the safe.   He testified to that fact upon the stand.   He did not know that it contained less than

ten dollars. His intent was to take more than that sum if he could find it, hence the intent to commit a felony.

Where an assault upon a person with intent to steal from his pocket is a criminal offence, it is no answer to the indictment, as has been frequently held, that the pocket was empty. *1 Bish. Cr. Law, sec. 743, et seq.*

The same rule was applied in a recent Ohio case, where one who was indicted for breaking into a building with intent to steal money which he supposed was in a safe, though in fact the safe contained no money. A conviction of burglary was sustained. *State v. Beall, 37 Ohio St., 108.*

In the case of this appellant his acts and declarations show that he intended to appropriate the contents of the safe, whether much or little. The unforseen circumstance of the barber's light till, which alone prevented him from taking more than ten dollars, tends no more to remove the felonious intent than if he had been unexpectedly driven away from the fullest coffers by a physical force which rendered his intent to help himself to great wealth impossible.

Affirmed.