# Passwater v. State of Indiana.

[No. 30,828. Filed September 25, 1967.]

*Chester H. Wilson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellee.

HUNTER, C. J.—This is an appeal from a judgment and conviction for the offense of second degree burglary. Trial was by the Court without the intervention of a jury.

The Court found the defendant to be twenty-two (22) years of age and sentenced him to the Indiana State Reformatory for not less than two (2) years nor more than five (5) years.

Appellant's motion for new trial was overruled. The motion for new trial and assignment of errors present the following questions:

(1) The finding was contrary to law;

(2) the finding of the Court is not sustained by sufficient evidence;

(3) the defendant appellant was charged with second degree burglary against the property of Keyless Lock Company but in fact only money was taken from vending machines owned by an outside concern and located within the property of said company.

Thus, upon the questions presented by this appeal, two (2) sections of the Criminal Code are involved as follows:

(1) Second degree burglary is defined by Ind. Ann. Stat. § 10-701(b) (1956) as follows:

"Whoever breaks and enters into any boat, wharf-boat, or other water craft, interurban-car, streetcar, railroad

car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit felony therein, shall be guilty of burglary in the second degree . . ."

(2) The intent to commit the felony as charged is defined by the Offenses Against Property Act (hereinafter referred to as the Theft Code) in Ind. Ann. Stat. § 10-3030(1a) (Supp. 1967) as follows: . ·

". . . obtains or exerts unauthorized control over property of the owner; . . ."

and § 10-3030(2a):

". . . intends to deprive owner permanently of the use or benefit of the property . . ."

The affidavit filed by the appellee State is in words and figures as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came JESSE FINKE who, being duly sworn, upon his oath says that DALE HAZELWOOD and DIENO ORVAL PASSWATER and LOUIS E. SEVERE on or about the 10th day of November, A.D. 1964, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of KEYLESS LOCK COMPANY, a corporation, then and there situate at 6790 EAST 32ND STREET, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniusly and knowingly obtain and exert unauthorized control over property of said KEYLESS LOCK COMPANY, a corporation, permanently of the use and benefit of said property, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Propositions (1) and (2) of the errors presented by the motion for new trial and assignment of errors raise identical

questions of law and are grouped and argued together under propositions (1) and (2). The appellant contends that there is insufficient evidence to prove material elements of the offense of second degree burglary, i.e.,

(1) breaking and entering, and
(2) with the intent to commit a felony under the Theft Code as charged in the affidavit.

The third proposition advanced in this appeal is that no property was taken from the Keyless Lock Company but was only taken from a vending machine owned by an outside concern. Thus, the third proposition raises a question of variance.

Upon the issues presented in this case, the burden of proof rested upon the State to prove each of the following material elements:

(1) a breaking,
(2) an entering,
(3) of a building or structure other than a dwelling-house or place of human habitation,
(4) coupled with intent to commit felony in such building or structure.

Appellee submits that in regard to all of these elements, there is sufficient evidence.

Addressing our attention to propositions (1) and (2) first on the breaking and entering, the evidence and reasonable inferences to be drawn therefrom when viewed most favorable to the appellee State reveals the following:

There was testimony by the plant manager of Keyless Lock Company to the effect that the plant was locked when he left it earlier on the night in question. Police officers received a report of an alarm at the Keyless Lock Company, a manufacturing plant in which no one resided, and which was located in Indianapolis, Marion County, Indiana. The police arrived at the plant shortly afterwards and discovered appel-

lant's station wagon parked out of sight behind the Keyless Lock Company building and observed that an overhead door of the building was open about six (6) to eight (8) inches from the ground and further observed three (3) individuals, the appellant being one of them in the process of breaking into a Coke vending machine. The deputy sheriff entered the building and called to the three (3) to stop, appellant and another broke and ran but only to be in the path of another police officer who at this time apprehended them. At the time of his apprehension the appellant remarked to one of the police officers and deputy sheriff that the next time he would enter a building he would be armed. In a conversation with the plant manager of Keyless Lock Company, the appellant stated that the decision to break into the building had been made the same night by the appellant and the other two accomplices who were cruising around in an automobile following a poker game. At the trial the appellant admitted on the stand that he had broken into one of the vending machines and that he and one of the others had raised the overhead door in order to gain entrance to the plant. The evidence further demonstrated that five (5) vending machines had been damaged in the attempts to open them and that about $20 had already been removed by appellant and his companions which money was discovered in the topcoat of one of his accomplices where the money had been placed by the three (3) as it was removed from the machines. The evidence finally indicates that the appellant did not have permission or authority to enter the premises in question. We therefore hold that there is sufficient evidence of probative value and reasonable inferences to be drawn therefrom to establish the element of breaking and entering. *Cockerham* v. *State* (1965), 246 Ind. 303, 204 N. E. 2d 654. The rule was stated therein:

"Walking through an open door does not constitute a 'breaking' as such element is known in the crime of burglary. However, the use of the slightest force in pushing aside a door in order to enter does constitute a breaking through the doorway. Opening an

unlocked door or raising an unlocked window is sufficient to constitute a breaking."

This Court stated in *Barrick* v. *State* (1954), 233 Ind. 333, 339, 119 N. E. 2d 550, 553:

"The term 'breaking' as used in our statute denouncing the crime of burglary does not imply the actual fracturing of or injury to a material part of a building, such as a door or window. It includes the putting aside of any material part of the building intended as a security against invasion, such as removing a window screen, . . . or opening a closed door."

See also *Link* v. *State* (1953), 232 Ind. 466, 113 N. E. 2d 43.

The chief thrust of the appellant's argument is addressed to proposition (3) above and that is that there is a fatal variance between the crime charged in the affidavit and the proof submitted thereunder at the trial. Appellant stated that there was no property in which the Keyless Lock Company had title and ownership outright that was the subject of the alleged felonious intent to commit the theft. It should be noted that the Theft Code combines embezzlement, larceny and other crimes against property into what appears to be a single crime of theft with multiple definitions and this Court must look to the law as it was enunciated by this Court from time to time under questions raised on convictions of second degree burglary with intent to commit larceny under the law as it existed prior to the 1963 Theft Code. The rule is well established that it is not necessary to prove absolute title or ownership to be in the person alleged to be the owner. This Court had held it sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator. We construe this to be a possessory right and sufficient to negate the question of variance. *State* v. *Tillett* (1909), 173 Ind. 133, 89 N. E. 589; *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27; *Sneed, Lockridge* v. *State* (1955), 235 Ind. 198, 130 N. E. 2d 32; *Lunce, Reynolds* v. *State* (1954), 233 Ind. 685, 122 N. E.

2d 5; *Cockerham* v. *State, supra; R. L. Lake* v. *State of Indiana* (1967), 248 Ind. 451, 229 N. E. 2d 724.

Under proposition (3), the appellant in his brief also asserts that

"... the breaking must be done with intent to commit a felony if done with the intent to commit a misdemeanor one is not guilty of burglary." (citing an Arkansas case in support, *Harvick* v. *State* (1887), 49 Ark. 514, 516, 6 S. W. 19.)

We construe such contention to mean that the defendant would not be guilty of second degree burglary in the case at bar. With such contention we cannot agree for Ind. Ann. Stat. § 9-101 (1956), provides as follows:

"All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; all (and) all other offenses against the criminal law shall be denominated misdemeanors."

And further the penalty section of the Theft Code as found in Ind. Ann. Stat. § 10-3039 (Supp. 1967) states as follows:

"A person convicted of theft of property not from the person and of less than one hundred dollars ($100) in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars ($500) or imprisoned for not more than one (1) year, or both, or such person may be imprisoned in the state prison not less than one (1) year nor more than five (5) years, and fined in a sum not exceeding five hundred dollars ($500) and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period."

This question has already been determined by this Court in the case of *Hunter* v. *State* (1965), 246 Ind. 494, 207 N. E. 2d 207.

We therefore hold that the affidavit herein charged defendant with the crime of burglary with the intent to commit a felony, violation of the Theft Code, when the penalty section

of the Theft Code is construed with § 9-101, *supra,* regardless of the amount involved. *Hunter* v. *State, supra.*

Having considered all assignments of error we find them to be without merit and that the judgment should be affirmed.

Judgment affirmed.

Arterburn, Lewis and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 229 N. E. 2d 718.