EDWARD E. GUNDER, ET AL. *v.* STATE OF INDIANA.

[No. 867-S-59. July 16, 1968. Rehearing Granted September 26, 1968.]

*Howard S. Grim, Jr.,* and *Edgar A. Grim,* of Kendallville, for appellants.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal from the conviction of theft. The appellants appealed from their conviction in the Noble Circuit Court on count two of the affidavit charging theft which reads as follows:

> "Roy Sayles, Jr., being first duly sworn upon his oath, and for a second count, says that on or about the 3rd day of February, 1967, in the County of Noble, State of Indiana, that Edward E. Gunder, and Kenneth L. Morris and James R. Myers, committed the crime of theft, in that they knowingly, unlawfully and feloniously, obtained and exerted unauthorized control over property of and in a lawful possession of Edward Maloney and Charles Chapman, to-wit: one (1) prophylactic coin operated dispenser, of the total value of twenty-five dollars (25.00), Serial Number B10506, intending to deprive the said Edward Maloney and Charles Chapman permanently of the use and benefit of said property, contrary to the forms of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

The original charges were in two counts, the first charging breaking and entering with intent and the second charging theft. After a trial by jury, a verdict of guilty on both counts was returned. Subsequently the court sentenced the defendants on both counts, sentences to run concurrently. Thereafter, on motion of counsel, it was pointed out that one of the defendants, James R. Myers, was under the age of twenty-one and subject to the Minor Sentencing Act. The court thereafter corrected the sentence to one year on the Indiana State Farm. The appellants then filed a motion for a new trial which was sustained by the court as to Count One and accepted by the State as to that count. The appellants' motion, however, was overruled as to Count Two.

The appellants have assigned as error the overruling of

appellants' motion for a new trial and have raised four issues; the verdict of the jury on Count Two is contrary to law and not sustained by sufficient evidence; that there was error of law occurring at the trial in that the court did not declare a mistrial because of testimony concerning another crime; that there was further error of law in the court's overruling defendants' motion to strike evidence and in failing to admonish the jury to disregard the same, and lastly that the court erred in not directing a verdict for the defendants.

The evidence indicated that shortly after midnight on February 3, 1967, a reddish pink or reddish maroon 1959 Pontiac with one headlight missing backed up to the Wolf Lake Marathon Station in Wolk Lake, Indiana. That there were banging noises going on and immediately upon the departure of the above described automobile an investigation of the restroom resulted in the finding that three dispensing machines previously attached to the wall were removed from the wall and that two of them were gone. These two were later found on a farm not far from the above station. The appellants were identified as driving and riding as passengers in the said car on February 2, 1967, and early in the morning of February 3, 1967, when the car was stopped for having only one headlight. They were placed at the scene of the theft shortly after midnight February 3, 1967, and were seen leaving the scene and proceeding to a location nearby where the two missing machines were later found. Paint samples taken from the debris in the automobile showed paint of a similar nature on the stolen machines present in the car. Upon this evidence the jury found them guilty beyond a reasonable doubt.

In an appeal from a criminal conviction it is well settled law that the state is entitled to the most favorable version of the evidence and all reasonable inferences that may be drawn therefrom and that this court will consider only that evidence most favorable to the state: *Greenwalt*

v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459.

Likewise, it is also true that this court will not determine the credibility of witnesses when the question of sufficiency of evidence is raised: *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Meyers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220. Thus, the conflict in testimony was for the trier of fact, the jury, and their decision should not be disturbed.

The statute under which appellants' conviction was based is Burns' Ind. Stat. § 10-3030, 1967 Cum. Supp., commonly referred to as the "Theft Act". The pertinent sections are as follows:

"A person commits theft when he

(1) knowingly:
   (a) obtains or exerts unauthorized control over property of the owner; . . .
(2) either
   (a) intends to deprive the owner permanently of the use or benefit of the property; or. . . ."

The appellants raised the question that the ownership of or right of possession to the property or value of the property alleged to have been stolen had not been established by the state.

The definition of the "Theft Act" clarifies two of the questions which arise in a situation such as the one at bar.

Burns' Ind. Stat. Anno., § 10-3040, (12) and (15) read in part as follows:

"(12) 'Owner' means a person, other than the actor, who has possession of or any interest in the property involved even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property.

(15) 'Property' means anything of value. Property includes real as well as personal property; . . . things grow-

ing on, affixed to, or found on or in land or part of or affixed to any building; . . . [Acts 1963 (Spec. Sess.), Ch. 10, § 13, p. 10.]"

Under Burns' § 10-3040 (12), *supra,* even illegal possession would have been sufficient as long as possession had been established. The evidence indicated that the machines were in the lawful possession of the owner of the said station and that they were paid a percentage out of what the machines brought in, and that the owner Chapman, who testified, believed they were his machines.

In two most recent cases, *R. L. Lake* v. *State* (1967), 248 Ind. 451, 11 Ind. Dec. 236, 229 N. E. 2d 724, Judge Lewis, speaking for the court which unanimously concurred, held that it need not be proven that the absolute ownership of the property allegedly taken be in the person alleged to be the owner, but it is sufficient if the evidence shows him to be in lawful possession of the property. It is of little concern whether he holds as bailee, agent, trustee, or personal representative.

Again in *Passwater* v. *State* (1967), 248 Ind. 454, 11 Ind. Dec. 238, 229 N. E. 2d 718, in a decision handed down the same date as *Lake* v. *State, supra,* Judge Hunter speaking for the court cited the *Lake* v. *State, supra,* case and stated: "The rule is well established that it is not necessary to prove absolute title or ownership to be in the person alleged to be the owner. This court has held it sufficient if the evidence shows him to be in possession of the property as bailee, agent, trustee, executor or administrator."

Appellants maintain that since one of the owners, Chapman, described the machines in question as "protoceptic", there is a variance between pleading and proof amounting to a failure of proof on an essential element of the crime.

It is to be noted there is testimony of a witness who identified the machines as "contraceptive machines". The description "protoceptic" by the witness to which there is no

reference in any legal, medical or standard unabridged dictionary, has been used in place of prophylactic as the indictment read. There was no objection by the appellants to the variance complained of at the trial. As held in the case of *Roberts, Board* v. *State* (1964), 245 Ind. 185, 189, 197 N. E. 2d 304, objections must be promptly made that such evidence is not material or relevant.

The court further pointed out that a party may not sleep on an alleged error in the trial and raise it later on appeal. The true test concerning variance is whether the defendants were mislead by the variation in the evidence.

The appellants further contend that because there was testimony by one of the state police indicating the appellants were suspected in an attempted safe burglary the court should have declared a mistrial.

The record discloses that no objection was made by the appellants throughout the direct examination or the re-direct examination of the said witness. Upon recross-examination the attorney for the appellants questioned the attempted safe burglary. The court on its own motion precluded any further testimony on the safe burglary and admonished the jury to disregard any evidence or testimony concerning the attempted burglary, and to not consider it in establishing the guilt or innocence of the accused for the crime with which they were charged. In the case of *Greenwalt* v. *State, supra,* it was held by the court therein that it is left to the sound discretion of the trial court to determine if legal necessity exists for the discharge of a jury. Furthermore, the failure of the appellants to timely object to the testimony by the witness on the attempted burglary waived any error and does not present a question for this court. This court held in *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523, 525:

> "Although there may be some question about the temperateness of the remarks, no objections were made thereto at

the time. A party may not sit idly by and make no objections to matters he might consider prejudicial, awaiting the outcome of a trial, and thereafter raise such question for the first time. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664."

Lastly, the appellants urged on appeal that the testimony of the witness concerning paint samples obtained from the debris in the Pontiac, from the back of the stolen vending machines and the wall of the service station, was improper. Again, there was no timely objection made during the course of the testimony of said witness on behalf of appellants, and such failure to object to alleged errors, waived them: *Dull* v. *State, supra, Callahan* v. *State* (1964), 246 Ind. 65, 201 N. E. 2d 338.

Finally, the appellants urged that the court erred in not directing a verdict for the defendant and cited therein *State* v. *Kubiak* (1936), 210 Ind. 479, 4 N. E. 2d 193. The court in the *Kubiak* case, *supra*, at page 480 stated:

"It is thoroughly settled by the decisions in this state that a peremptory instruction directing a verdict can only be given where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference and that inference is favorable to the party asking the instruction."

The trial court left the determination of the evidence in this case to the province of the jury. This appeal does not present any error for reversal.

Judgment is affirmed.

Jackson, J., concurs in result. Mote, J., not participating.

Note.—Reported in 238 N. E. 2d 655.