VIRGIL LEE PHILLIPS *v*. STATE OF INDIANA.

[No. 2-1273A271. Filed December 9, 1974.]

*Harry Kremer, Jr.*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

WHITE, J.—Appellant was convicted of theft and sentenced to imprisonment for not less than one nor more than ten years and fined $500.00. He appeals, contending that there is no evidence that his control over a typewriter was "unthorized". We find the evidence sufficient and therefore affirm.

The State's evidence[1] is that on a weekday morning at approximately 11:21 A.M. an Indianapolis Police Officer (Burnett) observed appellant approach the door of Medi-Tech, a corporation not engaged in retail sales or services, look around in all directions and enter the building. A few minutes later Burnett saw appellant leave the building carrying some type of business machine covered with a tan cover. Appellant crossed a parking lot and an adjacent street and entered an alley. He came back out of the alley empty-handed and Burnett stopped and questioned him. When asked if he was employed by Medi-Tech appellant replied in the negative; when asked what he had done with the machine appellant replied that he didn't know what Burnett was talking about. Appellant was placed under arrest. A subsequent search of the alley disclosed a typewriter covered with a tan cover hidden in some weeds and covered with a sheet of metal. At that time and place an employee of Medi-Tech identified

---

1. Appellant neither testified himself nor called any witnesses.

it as belonging to that company. That same employee, at that time a manager of certain Medi-Tech operations, identified the typewriter in court, stated that on the morning of the theft it had been located on a desk near the door (where he in fact had been using it) when everybody went into an adjacent office for an executive meeting, a meeting terminated when Burnett came to inquire about the typewriter and it was found to be missing. Another employee, then Vice-President in charge of systems, also identified the typewriter in court, described its location prior to the meeting and stated it was missing after the meeting. Both testified that it was worth in excess of $100.00.

Appellant's sole argument on appeal is that the State failed to prove that his control over the typewriter was "unauthorized".[2] It is true, as appellant contends, that there is no express statement by any witness denying that appellant had been authorized to take control of the typewriter, but the testimony we have recited is replete with the implication that the control he exercised was unauthorized. In fact, his behavior can hardly be considered rational unless one infers that he was acting without authority and knew it.

Such circumstantial evidence is sufficient to sustain the conviction. *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219; *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 319 N.E.2d 672.

---

2. IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns 1974 Supp.), as pertaining to the affidavit filed herein, provides:

"A person commits theft when he

"(1) knowingly:

"(a) obtains or exerts unauthorized control over property of the owner; [and]

"* * *

"(2) either:

"(a) intends to deprive the owner of the use or benefit of the property;"