ALBERT J. SCHACKE *v.* STATE OF INDIANA.

[No. 2-374A61.  Filed May 8, 1975.]

*Dean E. Richards,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Richard Potter,* Deputy Attorney General, for appellee.

WHITE, J.—After trial to the court Schacke was found guilty of the offense of burglary in the second degree. His sentence of two to five years was suspended and he was placed on probation for one year on the condition that he

spend eight weekends in the county jail and also attend a responsibility training program.

In this appeal he contends that the evidence is insufficient to prove the existence of a "building or structure", and is insufficient to show he entered the premises to commit a felony.

We affirm.

The evidence most favorable to the State shows that an off-duty deputy sheriff (Rynard) driving by a closed lawn and garden establishment next to an open gas station saw someone inside a structure on the lawn and garden property. He drove around the block, returning in time to see Schacke come from the structure with a Christmas tree, throw it over the fence around the property and climb out over the fence. Rynard pulled up behind a car that was between the fence and the adjacent gas station and, after identifying himself, placed Schacke and an associate under arrest. He took them to the gas station where he telephoned the city police to request transportation. While he was making the call Schacke and his companion headed back toward their car, first walking and then, when Rynard called for them to stop, running. The companion moved a sawhorse barrier closing off a back exit and they drove the car out that exit, bumping into the sawhorse, and sped down the street. The next day, while working at a part-time job in a department store, Rynard saw Schacke and again arrested him. John Weaver, the owner of the lawn and garden establishment, testified that the door to the structure had been hooked shut when he closed that evening, that the hook had been forced open, that things inside the door were strewn about, and that he had not given Schacke authority or permission to be on the premises. He also identified the tree that had been thrown over the fence as one of his that had been sold and had been inside his structure awaiting delivery to the purchaser.

Schacke's first argument is that the evidence does not

show that the place involved was a "building or structure" and thus he could not be found guilty of burglary in the second degree.[1]

The evidence on this point is rather confusing, but it does clearly show that the place where the Christmas tree was stored and where Schacke was first seen was permanently enclosed by a fence and a roof and could be locked, and that during the winter months the walls were covered with the plastic substance commonly called Visqueen and the inside heated to a certain degree. This, we believe, is sufficient to qualify the place as a "structure".

Schacke's second argument, broken into several parts, is that the evidence is insufficient to show an intent to commit a felony in that:

A.) The value of the tree was only $7.50 and thus the evidence shows at most that Schacke broke into and entered the building with the intent to commit theft of property worth less than $100, an offense he claims is a misdemeanor rather than a felony. Contrary to Schacke's contention, that offense is a felony and the intent to commit it will support a burglary conviction. *Hunter* v. *State* (1965), 246 Ind. 494, 207 N.E.2d 207; *Passwater* v. *State* (1967), 248 Ind. 454, 229 N.E.2d 718.

B.) The evidence shows the tree was not the property of John Weaver and thus fails to show that he intended to steal the property of John Weaver as charged in the affidavit. This contention also fails since the Indiana Supreme Court has "held it sufficient if the evidence shows [Weaver] to be in possession of the property as bailee, agent, trustee, executor or administrator. We construe this to be a possessory right and sufficient to negate the question

---

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956 Repl.) provides in pertinent part:

"(b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree. . . ."

of variance." *Passwater, supra* (248 Ind. 454 at 459, 229 N.E.2d 718, at 721).

C.) There is no evidence that the purchaser of the tree did not authorize Schacke to take it. The nocturnal visit, the forcing open of the door, the entrance and exit over the fence, the flight and, finally, the denial by Schacke (who testified in his own behalf) of having ever entered the property are sufficient to justify an inference that Schacke had not been authorized to take the tree. *Phillips* v. *State* (1974), 162 Ind. App. 314, 319 N.E.2d 672.

Schacke also appears to argue that the trial judge based his finding of guilt solely on the testimony that he fled the scene, and that flight alone is not sufficient, citing the factually inapposite case of *Martin* v. *State* (1973), 157 Ind. App. 380, 300 N.E.2d 128. This contention is not supported by the record. At the conclusion of the trial the court said:

"Yes, there is evidence of breaking and entering, intent to exert unauthorized control over a Christmas tree in the possession of Mr. John Weaver, it's a business building, there was a flight demonstrated, and also as important as anything to be resolved on the basis of the credibility of the witnesses. . . . Of course, putting them all together, I find that the defendant is guilty beyond a reasonable doubt of second degree burglary as charged."

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 326 N.E.2d 856.