Troy Frederick BRIDGES, Appellant,

v.

STATE of Indiana, Appellee.

No. 882S317.

Supreme Court of Indiana.

Dec. 30, 1983.

Nancy L. Broyles, McClure, McClure, & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Troy Frederick Bridges was convicted by a jury in the Marion Superior Court of class C felony attempted burglary, class D felony theft and two counts of class C felony burglary. The jury further found Appellant to be a habitual criminal. The trial court subsequently sentenced Appellant to a composite term of thirty-five years imprisonment. Appellant now directly appeals and raises the following three issues:

1. whether there was sufficient evidence of probative value to support Appellant's theft conviction;

2. whether the trial court erred by admitting into evidence State's Exhibits 5 and 8; and

3. whether the trial court erred by refusing to excise a portion of Appellant's extra-judicial statement regarding certain of Appellant's other criminal activity.

The facts adduced at trial indicate that during the early morning hours of January 19, 1982, several police officers responded to a radio call about a possible burglary in the building located at 3636 East Roosevelt Avenue, Indianapolis. Upon arriving outside said building, Detective Reardon ob-

served in the snow footprints leading to a rear chimney. Reardon climbed up the chimney and found two radios and a space heater on the flat roof. These items had been removed from the premises of Telav Enterprises, Inc., one of several businesses located in the building at 3636 East Roosevelt. While on the roof, Reardon observed additional footprints leading to an open second floor window. Reardon climbed through the window and, together with Officer Robertson, discovered Appellant and another man in an adjacent room. The officers found a flashlight, a pair of gloves, a sledgehammer and a crow-bar in the room. Further investigation revealed that several large holes had been made in the walls of Telav Enterprises and nearby R & B Battery Company. It was also discovered on January 19, 1982, that a large hole had been made in the south wall of Samuel's Market, which is located at 2815 East 25th Street, Indianapolis. Appellant was charged with and convicted of the burglary of Telav Enterprises, the burglary of Samuel's Market, the attempted burglary of R & B Battery and the theft of property from Telav Enterprises.

### I

■ Appellant was charged with theft as follows:

"did unlawfully and knowingly exert unauthorized control over the property of TELAV ENTERPRISES, INC., DOING BUSINESS AS TELAV, INC., to wit: TWO (2) RADIOS AND AN ELECTRIC HEATER, with intent to deprive TELAV ENTERPRISES, INC., DOING BUSINESS AS TELAV, INC. of any part of the value or use of said property, ..."

He now contends that there was insufficient evidence from which the jury could find him guilty of theft since the State failed to prove that Telav, Inc., owned the allegedly stolen property. Appellant points out that the evidence established that Sue Jennings and a co-worker at Telav were the actual owners of the two radios and one space heater. The State does not, however, have to prove ownership "in the title

sense" to obtain a theft conviction. *Gregory v. State*, (1973) 259 Ind. 652, 291 N.E.2d 67, *reh. denied.* We previously have held:

"it need not be proven that the absolute ownership of the property allegedly taken be in the person alleged to be the owner, but it is sufficient if the evidence shows him to be in lawful possession of the property. It is of little concern whether he holds as bailee, agent, trustee, or personal representative."

*Gunder v. State*, (1968) 250 Ind. 689, 693, 238 N.E.2d 655, 658, *reh. denied; see also Richardson v. State*, (1966) 247 Ind. 610, 220 N.E.2d 345; *Dowdell v. State*, (1981) Ind.App., 429 N.E.2d 1; *Schacke v. State*, (1975) 164 Ind.App. 153, 326 N.E.2d 856. Sue Jenning's testimony established that although she and another woman owned the allegedly stolen property, Telav, Inc., rightfully possessed it when it was taken without anyone's permission. The property continuously remained at Telav where it was used for the benefit of Telav workers. We accordingly find that Telav's rightful possession was sufficient to satisfy the ownership requirement implicit in our theft statute.

### II

■ During trial, Sue Jennings was asked if she recognized what was shown in a photograph introduced as Exhibit 5. She responded affirmatively and identified the property depicted as her radio, her heater and the radio of a co-worker. Officer Robertson subsequently testified that Exhibit 5 was a photograph of the allegedly stolen property found on the roof at 3636 East Roosevelt. He further testified that he took the photograph in the police property room on January 27, 1982. Exhibit 5 was then admitted into evidence. This Court previously has held that there are no "magic words" which must be used to establish that a photograph is a true and accurate representation of what it is intended to portray. *Stewart v. State*, (1982) Ind., 442 N.E.2d 1026. Moreover, the determination of whether or not certain photographic evidence is admissible is a discretionary matter for the trial court and the trial court's

decision will not be reversed absent a showing that the trial court abused its discretion. *Hope v. State*, (1982) Ind., 438 N.E.2d 273. We now find that the trial court properly admitted Exhibit 5 since the State laid a proper foundation for its admission.

A photograph introduced as Exhibit 8 was shown to Detective Reardon for identification purposes during trial. He specifically testified:

"It is the heater, along with two radios, located on the south side of the chimney, with my initials on the back and the date that I took the picture, January 19, 1982."

Though Reardon was asked if the photograph was "a true and accurate representation" of the way the items looked when found upon the roof, no response was recorded by the court reporter. Notwithstanding that perhaps Reardon nodded his head or gave an inaudible response, Appellant now argues that a proper foundation was not laid for the admission of Exhibit 8. We note that Appellant objected as follows at trial:

"[Prosecutor]: Move to admit State's Exhibit 8.

The Court: Mr. Hurley [Appellant's trial counsel]?

Mr. Hurley: Judge, we would object on the grounds that, uh, no foundation has been laid to offer these. The detective has not testified exactly when the pictures were taken.

The Court: Alright, we'll show then, uh, State's 8 is admitted over objection. That's overruled."

Detective Reardon's testimony was that he took the photograph identified as Exhibit 8 on January 19, 1982, therefore Appellant's objection was unfounded and properly overruled. By offering no other specific objection to the admission of Exhibit 8, Appellant has waived further review of this issue.

### III

During the day following his early morning arrest, Appellant gave to Detective Todd a recorded statement regarding the burglaries at 3636 East Roosevelt. During the tender of that statement, Appellant mentioned an attempted burglary which he had not been questioned about or charged with. Appellant specifically informed:

"Okay, about somewhere between 7 and 8:00 [p.m.], we went to Stan's Pawn Shop on 38th and Keystone Drive, and we attempted to go through the back wall of the building. Once we were through the wall, the building alarm went off and so we left. A little later we went to Sam's Market on 25th Street and we attempted to go through the back wall there too. We used a sledge hammer and the alarm went off. When the alarm went off, we left. Immediately after that we went to, we went to the battery company and attempted to get in. We went up the side of the chimney, through an open window on the roof, and we went inside and checked it out to see if anyone was there. Then we broke through the wall at the bottom of the stairwell and went into what was a laundry, and once we got inside the laundry we looked around and we found different items. I took a radio, two radios and a heater, and took them back up to the roof. I went back downstairs and at that time we tried to go through the wall to the battery company...."

During trial but outside of the jury's presence, a hearing was held upon Appellant's Motion to Suppress his extra-judicial statement. The trial court ultimately overruled Appellant's Motion finding that Appellant had voluntarily given his extra-judicial statement. The trial court also refused to delete the portion of Appellant's statement which dealt with Appellant's attempted burglary of Stan's pawn shop. Appellant now contends that the portion of his statement pertaining to his prior criminal act was inadmissible and unduly prejudicial. It is the general rule that evidence of criminal activity other than that for which a defendant is charged is inadmissible unless offered to show intent, motive, purpose or

identity or to demonstrate the common plan or scheme of criminal activity from which the defendant originated the charged crime. *Malone v. State,* (1982) Ind., 441 N.E.2d 1339. Evidence of other criminal activity is also admissible "where the witness' testimony is necessary to complete the story of the criminal transaction ... or where evidence may reveal the accused's state of mind." *McCormick v. State,* (1982) Ind., 437 N.E.2d 993, 996. In the instant case, Appellant's statement regarding his attempted burglary of the pawn shop clearly demonstrates the common scheme of criminal activity from which Appellant perpetrated the burglaries at 3636 East Roosevelt. The trial court accordingly did not err by refusing to excise the portion of Appellant's statement which mentioned his prior criminal activity.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.