Jeffery A. COFF, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 184S36.

Supreme Court of Indiana.

Oct. 1, 1985.

Patrick A. Schuster, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial Defendant (Appellant) was convicted of theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1983 Cum.Supp.), and found to .be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1983 Cum.Supp.). We have restated the contentions he raises on this direct appeal as the following four (4) issues:

(1) Whether the trial court erred in admitting into evidence Defendant's confession to police officers.

(2) Whether Defendant was denied the effective assistance of trial counsel in that counsel did not request a continuance when the habitual offender charge was filed and was not prepared to defend against it.

(3) Whether the trial court committed reversible error in admitting into evidence a photograph depicting items taken from Defendant after he had been subdued.

(4) Whether the evidence was sufficient to sustain the conviction for theft.

We find no reversible error and affirm the judgment below.

The evidence at trial revealed that Defendant had gone to a bar on the evening of March 28, 1983. While the bartender was distracted, Defendant grabbed a handful of money from a cigar box in a drawer and then ran out of the bar. He was pursued by two patrons who subdued him and returned him to the bar. The patrons found a wad of paper money near where they subdued Defendant and while they were chasing him, they observed him draw a knife. The bartender discovered that $104.00, the amount of money found next to Defendant when he was apprehended, was missing from the cigar box. Other facts are stated below.

ISSUE I

Defendant claims that the trial court erred in admitting into evidence a confession that he gave to police officers on the day following the crime. Defendant cites evidence that when a detective, with whom Defendant was familiar, came to interview him, the detective stated that they "had to talk" about the case. Defendant claims that, owing to his diminished mentality, as evidenced by a longstanding problem with drugs and a physician's previously expressed opinion that he could not understand the proceedings against him, the police officer's statement to him that they

"had to talk" had been interpreted by him to mean that he had no choice, hence his confession had not been knowingly and voluntarily made. In the confession Defendant admitted that he had gone to the bar to take money, and stated that he would have been willing to use his knife to complete the crime. Defendant stated that he had needed the money for drugs, but was cooperating with police to get help for his drug problem.

"Before a confession may be admitted into evidence, the State must establish beyond a reasonable doubt that the suspect intelligently and knowingly waived his rights not to incriminate himself and to have an attorney present. *See, Chamness v. State* (1982), Ind., 431 N.E.2d 474, 476; *see generally, Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. However, this Court will not reweigh the evidence in evaluating a trial court's decision to admit a confession, but will only determine whether the record includes sufficient evidence to sustain the trial court's ruling that the confession was voluntarily made. *See, e.g., Ortiz v. State* (1976), 265 Ind. 549, 553, 356 N.E.2d 1188, 1191 and authorities cited.

*Eagan v. State* (1985), Ind., 480 N.E.2d 946, 948–49 (DeBruler, J., dissenting.)

While the detective who took Defendant's confession did state that he had used the phrase "had to talk" about the case, he also emphasized that he had known the Defendant previously, and that no force or coercion of any kind was used to obtain the statement. Prior to taking the statement officers had Defendant read, explained to him and had him sign a five-part waiver of rights form such as that approved by a majority of this Court in *Eagan*, 480 N.E.2d at 949–50, and in *Robinson v. State* (1979), 272 Ind. 312, 315–16, 397 N.E.2d 956, 958–59. The detective testified that Defendant was not intoxicated and appeared to be thinking and speaking clearly when the statement was taken, and that Defendant appeared to be anxious to cooperate with police in order to obtain assistance for his drug problems.

■ In light of Defendant's prior acquaintance with the detective who took the statement, we cannot regard the "had to talk" comment as a command, as opposed to a suggestion. The record contains no other evidence of any kind that Defendant was forced to make a statement. Notwithstanding Defendant's claims regarding his ability to think clearly in light of his substance abuse problems, the trial court could have believed the detective's testimony that Defendant was speaking lucidly and appeared to be thinking clearly. The record thus contains substantial evidence that Defendant's confession was voluntarily made, and we find no error.

## ISSUE II

Twelve days before the start of trial, the State amended the information to include a count alleging that Defendant was an habitual offender. Defendant's trial counsel filed a motion to dismiss the habitual offender count because it was filed in such close proximity to the day set for trial, but the motion was denied. Defendant now claims that his counsel could not possibly prepare to meet the habitual offender charge upon such short notice, and within twelve days, that counsel, therefore, should have filed for a continuance, and that his failure to do so demonstrates that Defendant did not receive effective assistance of counsel in the habitual offender proceeding.

■ This Court now reviews claims of ineffective assistance of counsel under the two-step test posited by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

"Under the first step, or 'performance component,' the defendant must demonstrate that the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance. A strong presumption exists that counsel rendered adequate legal assistance. If the defendant satisfies step one of the test, he then must establish the second

step, or 'prejudice component,' under which the defendant will be entitled to relief only if the reviewing court determines that counsel's errors had an adverse affect upon the judgment."

*Richardson v. State* (1985), Ind., 476 N.E.2d 497, 501, *citing Strickland,* 466 U.S. at ——, 104 S.Ct. at 2066–70, 80 L.Ed.2d at 696–700. The *Strickland* Court added that "there is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.

■ In this case Defendant has suggested nothing that counsel could have done had he sought and obtained a continuance. The records of Defendant's past convictions for various felonies were easily obtained and presented by the State. There is no evidence that Defendant or his counsel were not given an adequate opportunity to examine this evidence. Assuming, *arguendo,* that counsel should have sought a continuance to meet the habitual offender claim, Defendant, on appeal, has failed to establish how he was "prejudiced" by his failure to do so.

### ISSUE III

Defendant claims that the trial court committed reversible error in admitting a photograph which depicted a knife in a sheath, paper money and other items taken from Defendant after he was subdued. Defendant claims that because the photograph depicted the knife it was unduly prejudicial and inflammatory.

"It is well-established that the admission of photographs into evidence is within the sound discretion of the trial court and reversal will be granted only upon a showing of abuse of that discretion. To be admissible, a photograph must be relevant. Relevancy of a photograph depends upon whether a witness would be permitted to describe the objects or scenes depicted by the photograph." (Citations omitted.)

*Holt v. State* (1984), Ind., 463 N.E.2d 466, 469.

■ The photograph complained of depicted money that Defendant allegedly had taken from the bar, and the jury had heard testimony that Defendant had drawn the knife while being pursued when he ran out of the bar. The photograph was thus relevant to demonstrate that Defendant had taken money from the bar, as charged, and depiction of the knife in particular was relevant to demonstrate that Defendant was conscious that he was exercising unauthorized control over the money and was prepared to use force to complete the crime. We find no error.

### ISSUE IV

Defendant contends that the evidence was not sufficient to sustain the verdict declaring him guilty of theft. We initially note our standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citations omitted.)

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. In this case the record contains substantial evidence supporting the jury's conclusion.

Defendant argues that the State did not present evidence that the bartender "owned" the money taken by Defendant, that there was no evidence that any taking of the money was "unauthorized," and finally that there is no evidence that Defendant intended to deprive any person of the money permanently.

■ Defendant contends that the State failed to prove the theft charge because it did not establish that the bartender "owned" the currency.

"(I)t need not be proven that the absolute ownership of the property allegedly taken be in the person alleged to be the owner, but it is sufficient if the evidence shows him to be in lawful possession of the property. It is of little concern whether he holds as bailee, agent, trustee or personal representative."

*Bridges v. State* (1983), Ind., 457 N.E.2d 207, 209, *quoting Gunder v. State* (1968), 250 Ind. 689, 693, 238 N.E.2d 655, 658. There is no substantial question that the currency taken in this case was in the "lawful possession" of the bartender at the time Defendant grabbed it.

Defendant next argues that the State failed to demonstrate that his taking of the currency was "unauthorized." However, the record contains testimony that no one was authorized to take currency from the cigar box except the bartender, and perhaps other persons associated with management of the business—certainly not Defendant. Defendant cites several cases in support of this argument, but they are distinguishable, as they involved circumstances where there was *no* evidence that the defendant had obtained the property through an unauthorized taking. These cases are inapposite, as this record contains substantial evidence that Defendant's taking of the money was "unauthorized."

Defendant also suggests that the State did not establish that he intended to deprive anyone of property permanently. This argument again is inapposite to the case. Ind.Code § 35-43-4-2 (Burns 1983 Cum.Supp.) proscribes taking with intent to deprive the owner of any part of the value or use of property—it no longer includes the commonlaw larceny element of intent to accomplish a permanent deprivation. Likewise, the information in this case charged the Defendant with taking the currency with intent to deprive the bartender of "the value and use" of the currency, not with the intent to deprive the owner of it. In this case this distinction is perhaps more of form than substance, however, because the circumstances of the theft, Defendant's flight from the bar and drawing of his knife when pursued, provided substantial evidence that Defendant intended to deprive the "owner" of the currency, and was more than sufficient to demonstrate the intent element of Ind.Code § 35-43-4-2.

As an ancillary argument to Issue I above, concerning the admissibility of the confession, and to this issue, Defendant has argued that the confession was inadmissible because the State failed to establish the *corpus delicti* of the crime of theft. As Defendant argues this contention in the context of whether or not the evidence was sufficient to establish the *corpus delicti* and thus render the confession admissible, we briefly address it here. The State presented substantial evidence, aside from Defendant's confession that he committed the crime of theft. This evidence was more than sufficient to establish the *corpus delicti* of the crime charged, and, accordingly, there was no error in admitting the confession.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.