## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2016, 5:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marce Gonzalez, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Eubanks, | August 5, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 45A03-1512-CR-2347 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana, | The Honorable Salvador Vasquez, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 45G01-1409-F5-23 |

**Baker, Judge.**

James Eubanks appeals his conviction for Burglary, a Level 5 felony.[1]  He argues that there is insufficient evidence supporting the conviction.  Finding the evidence sufficient, we affirm.

# Facts

During the relevant time frame, Robert Mardis owned an unoccupied rental home in Hammond.  In early September 2014, Mardis went to work on the unoccupied property and saw no damage to the residence's back door.

About two weeks later, on September 24, Officer Frank Eggers of the Hammond Police Department received a dispatch call to Mardis's rental home. The caller reported "a black male wearing a Comcast type worker vest [that] went into a residence at the 6433 Van Buren [property] through the back door and was possibly taking items."  Tr. p. 25.  When he arrived at the property, Officer Eggers observed that a window directly above the back door's handle had been broken out, allowing easy access to the door handle and entrance into the building.  He also noticed two other items: a bicycle near the back foyer area and a bag full of cut copper piping.  All of this led Officer Eggers, an evidence technician, to believe that a crime had occurred.  He then attempted to locate the owner of the property, but was unsuccessful.  Predicting that a suspect would return for the bicycle and bag, Officer Eggers "punctured the rear

---

[1] Ind. Code § 35-43-2-1.

tire of the bicycle to make it difficult for that subject or subjects to leave." *Id.* at 28. He also took the bag, went inside the residence, and spread the scrap metal around the residence's basement. After he exited the residence, Officer Eggers closed and locked the back door. He then left the scene.

[4] Thirty minutes later, Officer Eggers was dispatched again to the property on a new report describing similar activity. The caller stated that the same male, wearing the Comcast vest, was leaving the residence with a garbage can and was walking down an adjacent alley. When Officer Eggers arrived, he saw that another policeman, Corporal John Riordan, already had the suspect, later identified as Eubanks, in custody. Officer Eggers noticed that the garbage can in Eubanks's possession held the same scrap metal that the officer had spread around the residence's basement. Moreover, Eubanks was carrying with him the bicycle that Officer Eggers had seen at the property and was also wearing a Comcast vest.

[5] Eubanks was then arrested and transported to jail by Corporal Riordan. During the ride, Eubanks asked what charges he was facing. Corporal Riordan told Eubanks that he was facing a burglary charge; in response, Eubanks stated that "he didn't know it was a burglary if the house was abandoned." *Id.* at 67. In a later interview and after being advised of his *Miranda*[2] rights, Eubanks admitted

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

to entering the residence and taking scrap metal, but claimed that the back door was open when he went to the property both times.

[6] On October 31, 2015, the trial court found Eubanks guilty of Level 5 burglary following a bench trial. After finding Eubanks to be a habitual offender, the trial court sentenced him to an aggregate term of six years of incarceration. Eubanks now appeals.

## Discussion and Decision

[7] Eubanks argues that there is insufficient evidence supporting the conviction. When reviewing a claim of insufficient evidence, we do not reweigh the evidence, nor do we judge the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we will affirm a conviction if any reasonable juror could find the defendant guilty beyond a reasonable doubt based on the probative evidence and reasonable inferences. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009) (citing *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). To convict Eubanks of Level 5 felony burglary, the State was required to prove beyond a reasonable doubt that he broke and entered into Mardis's building with the intent to commit a felony or theft therein. Ind. Code § 35-43-2-1.

[8] Eubanks asserts that the evidence is insufficient to prove that he broke and entered the home, as he maintains that the door was open when he entered.[3] The evidence in the record establishes that Eubanks admitted to entering the home and stealing scrap metal from it. Tr. p. 89–93. Officer Eggers testified that, thirty minutes before Eubanks entered the home, the officer had closed and locked the door. When Eubanks was arrested, he had items in his possession that Officer Eggers had left inside the locked house. And Eubanks's description, including the Comcast vest he was wearing, matched the description of the suspect. Eubanks is asking that we credit his version of events over the officers'—in other words, he asks us to reweigh the evidence and reassess witness credibility. We decline to do so. We find that the evidence readily supports the conviction for burglary.

[9] Eubanks further argues that the incredible dubiosity rule renders the evidence insufficient. This argument is unavailing. This limited exception recognizes that, in very rare cases, a witness's credibility is so untrustworthy and lacking as to justify reversal on appeal. *See Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015). Notably, our Supreme Court has recently reemphasized that we should only invoke the incredible dubiosity exception "where a *sole witness* presents inherently contradictory testimony which is equivocal or the result of coercion and there is a *complete lack of circumstantial evidence* of the appellant's guilt." *Id.*

---

[3] Our Supreme Court has recognized that walking through an open door does not constitute a "breaking," which is an element for proving the crime of burglary. *E.g.*, *Passwater v. State*, 248 Ind. 454, 458, 229 N.E.2d 718, 720 (Ind. 1967).

(emphases in original). Eubanks concedes that the rule does not apply in this case, as more than one witness testified and there is a wealth of circumstantial evidence of his guilt. We decline his request to broaden the rule.

[10] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.