Furnace *v.* State.

---

FURNACE *v.* THE STATE.

[No. 18,948.   Filed June 30, 1899.]

CRIMINAL LAW.— *Larceny.—Information.—Duplicity.*—An information charging that defendant at a time and place named "did then and there unlawfully and feloniously steal, take, and carry away of the personal goods and chattels of said Jane Engle, $5 in money, and the personal goods and chattels of Samuel Engle, $4.50 in money," etc., is not bad for duplicity, as it *prima facie* discloses that the larceny occurred at the same time and place, and constituted but a single transaction. *Johnson* v. *State,* 128 Ind. 160, distinguished.

From the Sullivan Circuit Court. *Affirmed.*

*W. H. Pigg* and *W. T. Douthitt,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *Rowland Evans,* for State.

JORDAN, C. J.—Appellant was convicted of having committed the crime of petit larceny and sentenced to be imprisoned in the state prison. The only alleged error urged by his counsel in their brief relates to the court's overruling a motion to quash the information and affidavit. It is insisted that the information upon which he was convicted is bad for duplicity, and that the motion to quash for this reason ought to have been sustained. The information charges: "That William Furnace   *   *   *   on the 29th day of

March, 1898, at the county of Sullivan and State of Indiana, did then and there unlawfully and feloniously steal, take, and carry away of the personal goods and chattels of said Jane Engle, $5 in money, and the personal goods and chattels of Samuel Engle, $4.50 in money, contrary," etc.

It is urged by appellant's counsel that the pleading embraces two distinct and separate larcenies in the same count and is thereby rendered bad for duplicity. The question in respect to the duplicity of the information depends upon whether it *prima facie* can be said to disclose that two distinct, separate offenses were committed by the defendant in stealing the property as charged. The amount of money stolen in the aggregate was $9.50, $5 of which, it appears from the averments of the pleading, belonged to Jane Engle, and the remainder to Samuel Engle. The information, with a slight or immaterial change, may be read as follows: That William Furnace, at the time and place stated, "did then and there unlawfully and feloniously steal, take and carry away" $5 in money of the personal goods of Jane Engle and $4.50 in money of the personal goods of Samuel Engle. Then, as an adverb of time, means "at that time," referring to the time stated, and the necessary import of the words "then and there," as employed in the information, is that the larceny of the $9.50 in money as a whole, a part of which is charged as belonging to Jane Engle and a part to Samuel Engle, occurred at the same time and place and constituted but a single transaction.

The complainant below in this case was the State of Indiana, and the stealing of several articles of property at one and the same time, as a part of the same transaction, can constitute but one offense against the State, notwithstanding the fact that such articles belonged to several owners. Under such circumstances the State could not split up the offense or crime, and make distinct parts thereof the basis of separate prosecutions. If it elected to prosecute the accused for a part of the crime, it would not thereafter be permitted to

prosecute him for other parts not included in the first prosecution. *Jackson* v. *State*, 14 Ind. 327; *Clem* v. *State*, 42 Ind. 420, 13 Am. Rep. 369.

We recognize no good reason to depart from what may be considered the great current of authority and hold the pleading in question bad when it can reasonably be said that it discloses that the larceny complained of was but a single act or transaction in violation of the law against larceny, although the property which was the subject of the crime belonged to several different persons. The particular ownership, as charged in the pleading, of the money stolen did not give character to the act of stealing it, but was merely a part of the description of the particular crime charged to have been committed. The information, *prima facie*, under the circumstances, can be said to charge but one offense against the State, and is not open to the objection that it is bad for duplicity. The following authorities support our conclusion: *Hoiles* v. *United States*, 3 MacArthur (D. C.) 370; *State* v. *Hogan*, Charlt. (Ga.) 474; *State* v. *Larson*, 85 Iowa 659, 52 N. W. 539; *State* v. *Paul*, 81 Iowa 596, 47 N. W. 773; *State* v. *Nelson*, 29 Me. 329; *State* v. *Warren*, 77 Md. 121, 26 Atl. 500, 39 Am. Dec. 401; *Bushman* v. *Commonwealth*, 138 Mass. 507; *People* v. *Johnson*, 81 Mich. 573, 45 N. W. 1119; *Lorton* v. *State*, 7 Mo. 55, 37 Am. Dec. 179; *State* v. *Morphin*, 37 Mo. 373; *State* v. *Merrill*, 44 N. H. 624; *State* v. *Hennessey*, 23 Ohio St. 339, 13 Am. R. 253; *Fulmer* v. *Commonwealth*, 97 Pa. St. 503; *Addison* v. *State*, 3 Tex. Ct. of Appeals, 40; *Alexander* v. *Commonwealth*, 90 Va. 809, 20 S. E. 782; *Territory* v. *Heywood*, 2 Wash. Ter. 180, 2 Pac. 189; *Regina* v. *Bleasdale*, 2 Car. and K. 765; *Regina* v. *Giddins*, Car. and M. 634; *United States* v. *Patty*, 2 Fed. 664; *United States* v. *Scott*, 74 Fed. 213.

We are referred to the case of *Joslyn* v. *State*, 128 Ind. 160, which appellant insists must control the case at bar in his favor. In that case the words "then and there" do not appear in the information as set out in the opinion, and the

holding there, in effect, was, that the pleading did not sufficiently disclose that the articles charged to have been stolen, which belonged to two different persons, were taken at the same time and as a part of the same transaction, and therefore it was adjudged bad for duplicity. The Joslyn case perhaps, for the reason stated, can be distinguished from the one under consideration. Be this as it may, however, if it can be said to be in conflict with our holding in this case, so far as such conflict exists, that case is overruled. Judgment affirmed.