CURTIS LEE HOLT *v.* STATE OF INDIANA

[No. 2-777A264. Filed December 27, 1978.]

*David L. Walsh,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

SHIELDS, J. — Defendant-appellant (Holt) appeals from jury convictions of Commission of a Felony While Armed,[1] to wit:   Robbery,[2] and Theft.[3] In this appeal, Holt raises the following issues:   (1) whether the trial court erred in admitting into evidence State's exhibit number one, a butcher knife; (2) whether the State proved beyond a reasonable doubt that Holt was over the age of sixteen years; (3) whether the trial court erred in permitting Officer Minor to testify about certain questions he asked Holt and Holt's answers thereto; and (4) whether the trial court

---

1.   IC 1971, 35-13-4-6 (Burns Code Ed.).

2.   IC 1971, 35-12-1-1 (Burns Code Ed.).

3.   IC 1971, 35-17-5-3 (Burns Code Ed.).

erred in entering the judgments and sentences for both theft and armed robbery.[4]

## I

Holt first alleges that the trial court committed reversible error in admitting into evidence State's exhibit number one, a butcher knife. He presents two related arguments in this regard: one being that the relevancy of the knife had not been established, and, secondly, a sufficient foundation had not been laid connecting him with the knife.

The victim, Alice Haines, testified that Holt wielded a butcher knife when he grabbed her and forced her into a back room to tie her to a chair. When asked if she recognized State's exhibit number one, she could not positively identify it, but stated, "the butcher knife he [Holt] had had a blade at least that long." Officer Minor testified that when he stopped the automobile Holt was driving and arrested Holt he found three knives[5] under the driver's side of the front seat. He identified State's exhibit number one as one of the three knives he found under the seat.[6]

Holt contends that before an exhibit may be introduced into evidence, counsel must elicit testimony on it to establish its relevance. *Bobbitt v. State* (1977), 266 Ind. 164, 361 N.E.2d 1193. We agree with this proposition, and note that the testimony of Mrs. Haines and Officer Minor, *supra,* sufficiently established the relevancy of State's exhibit number one. We further note that any evidence that logically tends to establish a fact at issue is relevant. *Minton v. State* (1978), 269 Ind. 39, 378 N.E.2d 639. In the instant case, Holt was charged with committing a robbery while armed with a dangerous weapon (a butcher knife). A material fact at issue was whether or not Holt was armed with a knife while perpetrating the robbery. Thus, the

---

4. Due to our resolution of this issue, IV infra, we need not address Holt's contentions that the State failed to prove that he exercised unauthorized control over the automobile, and that the trial court erred in admitting into evidence a certificate of registration to said automobile.

5. Holt originally objected to the admissibility of the other two knives, but he subsequently withdrew his objection.

6. Holt did not question the chain of custody of State's exhibit number one.

admission of the knife was relevant to show that Holt had access to a knife which may have been the one used in the robbery. *Cf., Minton v. State, supra.*

Holt is also correct in his contention that a foundation must be laid connecting the evidence with the defendant before it is admissible at trial. *Rose v. State* (1972), 258 Ind. 377, 281 N.E.2d 486. His arguments, however, pertaining to the alleged lack of foundation, have no merit. The gist of his argument in this regard is that the evidence did not connect him to this particular knife since it was not found on his person and the victim could not make a positive identification. His arguments are more directed towards the sufficiency of the evidence. Where there is evidence of identification by direct testimony, objections to its sufficiency go to the weight rather than the admissibility of the article. *Crosson v. State* (1978), 268 Ind. 511, 376 N.E.2d 1136; *Horn v. State* (1978), 176 Ind.App. 527, 376 N.E.2d 512. In the instant case, Officer Minor positively identified State's exhibit number one. Thus, a proper foundation was laid.[7]

## II

Holt next alleges that the State failed to prove beyond a reasonable doubt that he was over sixteen years of age when he committed the armed robbery.[8] This argument is without merit. Mrs. Haines testified that Holt appeared to be at least 21 to 23 years old on the date of the crime.[9] Officer Minor testified that Holt, at the time of his arrest, stated he was 19 years old.[10] Moreover, Holt himself

---

7. Moreover, as mentioned *supra,* in addition to State's exhibit number one, two other knives were admitted into evidence without objection. Any one of the three knives introduced into evidence could have been the one Holt used during the robbery. Thus, even if State's exhibit number one was erroneously admitted, it was merely cumulative of other undisputed evidence which was admitted. Improperly admitted evidence that is corroborative only of competent and unrefuted evidence is not reversible error. *Minton v. State, supra.*

8. A necessary element of the armed felony statute, IC 35-12-1-1, is that the accused be over the age of 16 years when the offense is committed.

9. Mrs. Haines' testimony would have been sufficient to establish Holt's age, for the opinion of a witness as to the age of the accused, based on personal observation, is sufficient evidence of age to support the conviction. *Chrisp v. State* (1978), 267 Ind. 673, 372 N.E.2d 1180.

10. The alleged error with respect to the admission of Officer Minor's testimony in this regard is discussed in III.

testified, on cross-examination, that he was 20 years old at the time of trial, being one year after the commission of the crime. This evidence clearly established Holt's age on the date of the crime as over 16 years old.

## III

During direct examination of Officer Minor, the prosecutor asked him whether he had asked any routine questions when he arrested Holt. Over Holt's objections, Officer Minor testified that he asked Holt, "His name, which was Curtis Lee Holt; . . . his date of birth, and he gave me December 2, 1954; and I asked him his address, which he gave me as 1028 North Central Apartment 13." Holt contends the trial court erred in admitting this testimony, arguing specifically that: (1) he was not adequately advised of his rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436; (2) there was no showing that he made a knowing and voluntary waiver of his right to remain silent; and (3) the trial court erred in failing to conduct a voluntariness hearing pursuant to IC 1971, 35-5-5-1 (Burns Code Ed.).[11]

Holt's arguments, however, are premised upon the assumption that it was incumbent upon Officer Minor to advise him of his *Miranda* rights before asking such questions. We do not agree with this premise. The procedural safeguards of *Miranda* apply only to custodial interrogation. *See, Bugg v. State* (1978), 267 Ind. 614, 372 N.E.2d 1156, 1158, and cases cited therein. And, as our Supreme Court recently noted, not every question a police officer asks one in custody will necessarily amount to an interrogation. "Rather, it is necessary to view the statement in the context in which it was made. If, after having done so, it does not appear that the purpose of the remark was to obtain a confession from the accused, *Miranda* is not triggered

---

11. IC 35-5-5-1 provides:

Admissibility — Determination of voluntariness — Instruction to jury. — In any criminal prosecution brought by the state of Indiana, a confession, as defined in section (5) [35-5-5-5] hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence and hearing of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances. [Acts 1969, ch. 312, § 1, p. 1293.]

and it is not necessary that the accused first be advised of his rights." *Johnson v. State* (1978), 269 Ind. 370, 380 N.E.2d 1236, 1240.

In the case at bar, the questions Officer Minor asked Holt were merely for the purpose of obtaining basic identifying information; not to obtain a confession. Thus, it was not necessary that Holt be advised of his *Miranda* rights before Officer Minor asked such questions. *Pulliam v. State* (1976), 264 Ind. 381, 387-388, 345 N.E.2d 229, 236; *Accord, United States v. Prewitt* (7th Cir. 1977, 553 F.2d 1082, *cert. den.,* 98 S.Ct. 135. Since Officer Minor was not required to give Holt his *Miranda* rights before asking these questions, it is immaterial whether the rights given were adequate, or whether Holt waived those rights. Furthermore, IC 35-5-5-1, *supra,* requires a voluntariness hearing only when a confession is sought to be admitted into evidence. Since Holt's statements were not confessions, no error was committed by the court in refusing to hold such a hearing.

IV

Holt's final contention is that the trial court erred in entering the convictions and sentences on both the theft and the armed robbery charges.

In order to properly address this issue, we must first examine the facts underlying these offenses:    Alice Haines, an elderly widow, owned a small business establishment in Indianapolis. Her office was comprised of two large rooms on the ground floor of an old converted house; the front room was the office and the back room was a storage area. At approximately 3:00 p.m. on January 30, 1974 Mrs. Haines, while in the back room, heard the bell to the front door ring. She proceeded to walk to the front room to see who was there when Holt "sprang" at her with a butcher knife. Holt, accompanied by his pet German shepherd, held the knife to her throat as he forced her into the back room. When asked what it was he wanted, Holt replied, "I want your money and your car." Upon demand, Mrs. Haines informed Holt that her money and car keys were in her purse, under the desk in the same room. Holt forced Mrs. Haines into a chair, where he bound her with electrical cords. Holt removed eight ($8.00) dollars, a small sack of pennies and the car keys from Mrs. Haines' purse, and proceeded to "ransack" the desk drawers in search of more money. When he was satisfied there was no more

money to be found, Holt made Mrs. Haines write a note saying she was gone to the airport and wouldn't be back until 8:00 p.m. As Holt departed from the office, he "grabbed" an old fur coat and took it with him. Mrs. Haines' automobile was parked in an adjoining parking lot, directly behind the house. As Holt was departing with her car, Mrs. Haines, who had managed to loosen her bounds, looked out the window and wrote down the license plate numbers of her car. Holt was subsequently arrested by Officer Minor.

Holt was charged, by information, with two counts: Count One being commission of a felony while armed, to wit: robbery; and Count Two being a violation of the Offenses Against the Property Act. The property underlying Count One was the eight ($8.00) dollars taken from Mrs. Haines' purse, and the property underlying Count Two was Mrs. Haines' automobile.

The allegations of Count I of the information were such as to charge (in addition to the armed robbery) the lesser included offense of theft,[12] the subject matter of which was the cash. When viewed in this manner, it is readily apparent that Holt was tried at one time by an information with both counts charging the offense of theft, one of cash, the other of a vehicle. At the same time, the uncontroverted evidence was that Holt took several articles from Mrs. Haines, at the same time and from the same place, including her car which is the subject matter of the theft charge in Count II.

Holt contends that the taking of the two separate items set forth in the two separate counts does not constitute two separate offenses justifying two judgments and sentences. We agree.

The prevailing rule is that when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons, there is but a single "larceny," i.e., a single offense. *See, e.g., Furnace v. State* (1899), 153 Ind. 93, 54 N.E. 441; *Bell v. State* (1873), 42 Ind. 335; *Jackson v. State*

---

12. *Cf., Gregory v. State* (1973), 259 Ind. 652, 291 N.E.2d 67; *Hitch v. State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770; *Bennett v. State* (1975), 167 Ind.App. 227, 338 N.E.2d 294; *Carter v. State* (1973), 155 Ind.App. 10, 291 N.E.2d 109 (under certain circumstances, theft is a lesser included offense of robbery).

(1860), 14 Ind. 327. *See also,* 52A C.J.S. *Larceny* §§ 53, 54 (1968). The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design. *See, State v. Roberts* (1972), 210 Kan. 786, 504 P.2d 242; *State v. Vining* (1970), 2 Wash.App. 802, 472 P.2d 564, 53 A.L.R.3d 390. *See also,* 2 R. Anderson, Wharton Criminal Law and Procedure § 450 (1957).[13] Neither the particular ownership nor the particular articles give character to the act of theft, but are merely a part of the description of the particular offense committed.

Hence, an information in but one count may charge the theft of any one or more of the articles taken at one time and from one place. The failure, however, to describe all of the articles so taken in one count does not permit the prosecution to secure additional judgments and sentences of theft, for the articles omitted in the single count, in either the same or a subsequent prosecution. That is, the State cannot split up a single offense and make distinct parts of that single offense (e.g., each article of property taken) the basis for separate or multiple prosecutions.[14] *Jackson v. State, supra.* If only one offense is committed, there may be but one judgment and sentence.

Therefore, we hold that, under the facts of this case, the theft was a lesser included offense of the armed robbery offense, and the judgments may not stand on both verdicts.

The judgment and sentence upon the charge of theft is, therefore, ordered vacated. The cause is remanded to the trial court for that purpose; and in all other respects, the judgment of the trial court is affirmed.

Buchanan, C.J., concurs.

Sullivan, J., concurs.

NOTE — Reported at 383 N.E.2d 467.

---

13. The question of whether there was a single intent or separate intents is a question of fact to be determined by the trier of fact. *State v. Vining, supra.* In the case at bar, Holt's single intent was clearly manifested and uncontroverted and thus, as a matter of law, there is but one intent.

14. This is not to say that the State is prohibited from alleging the same charge in different counts. A single offense may be charged in more than one count, provided only a single judgment and sentence is imposed. *Vaughn v. State* (1978), 269 Ind. 142, 378 N.E.2d 859; *Holland v. State* (1976), 265 Ind. 216, 352 N.E.2d 752.