**Charles RAINES, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1085S437.**

Supreme Court of Indiana.

Oct. 29, 1987.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The jury trial of defendant Charles Raines resulted in acquittals as to four counts of murder, convictions on three counts of theft, and a finding of habitual offender status. In this direct appeal, defendant presents three issues: 1) sufficiency of evidence for conviction of theft as charged in count VII, 2) sufficiency of evidence to support the habitual offender determinations, and 3) whether convictions of counts V and VI violate the "single larceny rule."

*Issue 1—Sufficiency of Theft Evidence Under Count VII*

Count VII charged the defendant with theft of an Oldsmobile automobile from Kentucky Farm Bureau Insurance Company (KFBIC). Defendant contends that the evidence is insufficient not only as to his intent to deprive KFBIC of its value or use of the automobile, but also insufficient to prove that his possession was unauthorized.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find each element of the charged crime proven beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence favorable to the judgment demonstrated that defendant was stopped by police while operating a 1976 Oldsmobile automobile which had previously been stolen in Kentucky. Following the theft, KFBIC acquired title in the course of its claim settlement with its insured, the prior owner of the automobile.

Defendant argues that the certificate of title demonstrates that KFBIC acquired its interest in the automobile on August 28, 1984, three days after defendant's possession ceased. He concludes that this sequence of events precludes the possibility of sufficient evidence that he intended to deprive KFBIC, or that his use of the vehicle was unauthorized by KFBIC.

■ Defendant acknowledges the well established rule that it is not necessary to prove absolute title or ownership in the alleged owner, but sufficient if the evidence shows the alleged owner to be properly in possession as a bailee, agent, trustee, executor, or administrator. *Gunder v. State* (1968), 250 Ind. 689, 693, 238 N.E.2d 655, 658. The State does not have to prove ownership "in the title sense" to establish a theft conviction. *Bridges v. State* (1983), Ind., 457 N.E.2d 207, 209.

■ Accordingly, we find that KFBIC's payment under its automobile theft coverage entitled it to sufficient proprietary interest in the vehicle to satisfy the proof of ownership requirement. At the time of the defendant's possession of the automobile, KFBIC had already settled with its insured and acquired its proprietary interest, even though the processing of the formal transfer of ownership and issuance of certificate of title had not been completed. Upon this issue, we must reject defendant's claim of insufficient evidence.

*Issue 2—Sufficiency of Habitual Offender Evidence*

■ Defendant contends that the evidence presented during the habitual offender phase of the trial was insufficient, particularly in view of the alleged failure of the trial court to properly instruct the jury as to the meaning of the phrase "two prior unrelated felony convictions." Defendant's claim of insufficient evidence is based upon his claim that the alleged prior convictions were not shown by any "properly certified records from the trial courts from which

these prior convictions purported arose." The State responds, first, that because the defendant took the stand and admitted the prior convictions, sufficient evidence was thereby established. The State further correctly alleges that certified copies of prison records including commitment orders may be used to establish a defendant's prior felony convictions. *Smith v. State* (1985), Ind., 477 N.E.2d 857; *Harmer v. State* (1983), Ind., 455 N.E.2d 1139; *Underhill v. State* (1981), Ind., 428 N.E.2d 759.

The State introduced certified copies from the Ohio Department of Corrections containing a copy of a fingerprint card and copy of an entry and information from the Court of Common Pleas for Ross County, Ohio, showing a charge, a finding of guilt, and a sentencing for robbery in 1975, the sentence to be not less than four (4) years and not more than fifteen (15) years. A similar set of certified documents from the Chillicothe Correctional Institute included a fingerprint card, a copy of an entry and information from the Court of Common Pleas for Franklin County, Ohio, showing a charge, finding of guilt and sentencing for receiving stolen property in 1979, for a sentence of one (1) to five (5) years. Each of these documents identified defendant. A fingerprint expert for the State of Indiana testified that the fingerprints on the cards contained in these documents matched the defendant's fingerprints. Further, defendant testified and admitted he had a prior Ohio conviction for Robbery in 1975 for which he served 2 years, and a prior Ohio conviction for receiving stolen property in 1979 for which he was sentenced to serve 1 to 5 years but served 6 months on a modification. The evidence introduced was sufficient to establish defendant had 2 prior unrelated felony convictions.

### *Issue 3—Single Larceny Rule*

Defendant asserts the Single Larceny Rule applies prohibiting the separate convictions and sentencings for count V (theft of scuba equipment) and count VI (Theft of the Toyota truck).

The Single Larceny Rule has long been entrenched in Indiana law as evident by the following passage in *Furnace v. State* (1899), 153 Ind. 93, 95, 54 N.E. 441, 44:

> We recognize no good reason to depart from what may be considered the great current of authority and hold the pleading in question bad when it can reasonably be said that it discloses that the larceny complained of was but one single act or transaction in violation of the law against larceny, although the property which was the subject of the crime belonged to several different persons. The particular ownership, as charged in the pleading, of the money stolen did not give character to the act of stealing, but was merely a part of the description of the particular crime charged to have been committed. The information, *prima facie*, under the circumstances, can be said to charge but one offense against the State, and is not open to the objection that it is bad for duplicity.

The prevailing rule is that when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single "larceny", i.e. a single offense. *Stout v. State* (1985), Ind., 479 N.E.2d 563; *Holt v. State* (1978), 178 Ind.App. 631, 383 N.E.2d 467. The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design. *Holt, supra.* If only one offense is committed, there may be but one judgment and one sentence.

In *Stout,* as in the present case, the defendant claimed that the trial court erred in failing to consider two theft counts as one theft for the purpose of trial and sentencing. Noting that the stolen items listed in one count of the information were taken from the victim's home, while the automobile named in another count was taken from the victim's garage, we stated that this "cannot be sufficient reason for finding the two separate offenses occurred," and concluded:

> We hold that the Defendant exerted unauthorized control over several items of personal property, including an automo-

bile, all of which were taken at the same time from the victim's home. This constituted but one offense in violation of a single statute.

*Stout, supra,* 479 N.E.2d at 568.

■ In the case at bar, count V charged theft of scuba diving equipment and Count VI charged theft of a pickup truck. The scuba diving equipment and the pickup truck belonged to separate roommates who resided at the address of the theft. The scuba diving equipment was either removed from the kitchen or was already inside the pickup truck parked in the driveway of the residence when it was taken. We find *Stout* and *Holt* applicable to the facts of the present case, and hold that the theft of the truck and scuba diving equipment, though separately charged, constituted but one offense for which there may be but one judgment and one sentence.

This cause is remanded to the trial court with instructions to vacate the judgment and sentence on Count VI. Defendant's conviction upon Count V, and the resulting sentence including the habitual offender enhancement, are affirmed. In all other respects, the judgment of the trial court is also affirmed.

SHEPARD, C.J. and DeBRULER, J., concur.

GIVAN, J., I dissent as to Issue 3, concur as to the other issues.

PIVARNIK, J., I dissent on Issue 3 as I think there were two larcenies; concur as to all other issues.