**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jul 24 2012, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JUSTIN HOLMAN, )
)
    Appellant-Defendant, )
)
        vs. )    No. 49A02-1112-CR-1138
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1009-FB-70851

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

At gunpoint, Justin Holman and an accomplice robbed two men of the money with which they and a third man had intended to buy marijuana that they would "split up three ways." Tr. at 86. The trial court convicted Holman of two counts of class B felony robbery and one count of class A misdemeanor carrying a handgun without a license. On appeal, Holman contends that we must vacate one of his robbery convictions pursuant to the single larceny rule. We conclude that the rule is inapplicable and therefore affirm.

**Facts and Procedural History**

The facts most favorable to the trial court's judgment are that on September 10, 2010, Sedrick Hazelwood, James Prater, and Prater's cousin, Nicholas Winship, decided to buy four ounces of marijuana, which they would "split up three ways." *Id*. Prater had bought marijuana earlier that day from Nigel Joyner and called him to arrange the transaction. Prater agreed to meet Joyner in a grocery store parking lot in the Indianapolis area. Winship drove his companions there in a minivan and gave Prater $100 for Winship's share of the marijuana. Joyner arrived in a Lincoln Continental and motioned to Winship to follow him.

Winship followed the Lincoln into a residential neighborhood. The Lincoln stopped, and Prater and Hazelwood got out of the minivan and into the Lincoln's back seat. An unidentified man was driving the Lincoln. Joyner was in the front seat with what appeared to be "a good amount of marijuana in his lap." *Id*. at 21. Holman was in the back seat with Prater and Hazelwood. The Lincoln drove off, and Winship continued to follow it in his minivan. Holman asked to see Prater's cell phone, and then both Joyner and Holman pointed

2

handguns at and demanded money from Prater and Hazelwood. Hazelwood threw his money out the window. Prater accidentally dropped his cell phone and gave his money and Winship's money to Holman. The Lincoln stopped, and Joyner got out to retrieve Hazelwood's money and fired shots at Winship's minivan. Holman leaned out the window and also fired shots at the minivan. Hazelwood and Prater escaped from the Lincoln and ran away. The Lincoln sped off, and Winship followed it and called 911. Police eventually stopped the Lincoln and arrested Holman. Joyner fled but was later apprehended. The driver was never caught.

The State charged Holman and Joyner with multiple crimes. Joyner pled guilty to two counts of class B felony robbery. On November 21, 2011, the trial court found Holman guilty of two counts of class B felony robbery (one each as to Prater and Hazelwood) and one count of class A misdemeanor carrying a handgun without a license. Holman now appeals.

## Discussion and Decision

A person commits class B felony robbery by knowingly or intentionally taking property from another person or from the presence of another person by using or threatening the use of force on any person or by putting any person in fear while armed with a deadly weapon. Ind. Code § 35-42-5-1. Holman contends that pursuant to the single larceny rule, only one of his robbery convictions may stand. Our supreme court has explained that the rationale behind the single larceny rule "is that the taking of several articles at the same time from the same place is pursuant to a single intent and design. If only one offense is committed, there may be but one judgment and sentence." *Raines v. State*, 514 N.E.2d 298,

300 (Ind. 1987) (citation omitted). Holman concedes that our supreme court has held that the single larceny rule does not apply "where 'a robber has taken the individual property of separate individuals.'" Appellant's Br. at 9 (quoting *Ferguson v. State*, 273 Ind. 468, 475, 405 N.E.2d 902, 906 (1980), in which an armed robber ordered two store employees to drop their wallets). He claims, however, that Prater and his companions pooled their money for the purpose of purchasing marijuana, and therefore he committed only a single offense.

Holman's argument relies on *Williams v. State*, 271 Ind. 656, 395 N.E.2d 239 (1979), in which the defendant approached "each of four [bank] tellers and ordered them at gunpoint to fill a white pillow case with money." *Id*. at 658, 395 N.E.2d at 242. He was convicted of four counts of class B felony robbery and argued on appeal that he had committed only one robbery. Our supreme court held "that an individual who robs a business establishment, taking that business's money from four employees, can be convicted of only one count of armed robbery under [Indiana's robbery statute]." *Id*. at 669, 395 N.E.2d at 248-49.[1]

Here, Holman contends that the victims' money "was no longer individual property" because it was "specifically pooled for a group purchase" of marijuana. Appellant's Br. at 9. Holman's argument disregards Hazelwood's undisputed testimony that he had "his" money

---

[1] We note that the holding in *Williams* was premised not on the single larceny rule but rather on federal and state statutes and caselaw. *See* 271 Ind. at 666-67, 395 N.E.2d at 247 ("We must determine whether, under the law, taking a bank's money from each of four different tellers in one branch at the same time is one or four unlawful acts under this statute. The only comparable Indiana case law involves the 'single larceny doctrine.' In *Furnace v. State*, (1899) 153 Ind. 93, 54 Ind. 441, the Supreme Court held that taking money from each of two individuals at the same time and place constituted only one offense of larceny. However, that case deals with what is now theft and not robbery. Theft involves exerting unauthorized control over another's property, and does not involve taking from another by use of force or by putting a person in fear. Ind. Code § 35-43-4-2 (Burns 1979). Federal courts have ruled on this issue in cases involving bank robberies.…").

4

and Prater had "theirs," Tr. at 72, that the marijuana was going to be "split up three ways," *id*. at 86, and that he "was *personally* buying" only one of the four ounces of marijuana. *Id*. (emphasis added). Holman's argument also disregards Joyner's testimony that "two dudes were putting money together [presumably Prater and Winship] and one dude was getting his own weed [presumably Hazelwood]." *Id*. at 204. Based on the foregoing, we conclude that Holman took the individual property of separate individuals during the robbery, and therefore the single larceny rule is inapplicable pursuant to *Ferguson*.[2] Consequently, both of Holman's robbery convictions must stand.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

---

[2] The State contends that Holman "committed two acts of robbery – one against Hazelwood, in which he stole Hazelwood's money, and one against Prater and Winship, in which he stole their money and Prater's cell phone." Appellee's Br. at 9. Holman correctly points out that "[a]t trial, Prater's undisputed testimony was that Holman did not take his cell phone; rather, he simply dropped it." Appellant's Reply Br. at 3; *see* Tr. at 36 ("I wasn't told to drop anything. I accidentally dropped my phone in the backseat of the car.").

5