# FOR PUBLICATION



**FILED**

Jan 15 2013, 9:51 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| J.R., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.   49A05-1204-JV-175 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary Chavers, Judge Pro Tempore
Cause No. 49D09-1108-JD-2071

**January 15, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

J.R. appeals from his adjudication as a delinquent child for burglary,[1] which would be a Class B felony if committed by an adult, theft,[2] which would be a Class D felony if committed by an adult, auto theft,[3] which would be a Class D felony if committed by an adult, and resisting law enforcement,[4] which would be a Class A misdemeanor if committed by an adult. He raises the following restated issue: whether his adjudications for both theft and auto theft are barred due to the single larceny rule.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 5, 2011, Donald Overby's Indianapolis residence was burglarized. A handgun, a television, and an iPod were taken from the home. His 2007 Chevrolet Avalanche was also taken from the attached garage. The Avalanche had Onstar tracking capability, which enabled the police to locate the vehicle in the 3400 block of Cecil Avenue in Indianapolis, Indiana. A police officer went to the location, observed the vehicle, and parked nearby to wait. A short time later, he saw two individuals enter the vehicle, drive away, and then pull into another parking lot. The officer activated his emergency lights and pulled in behind the Avalanche. The driver, who was later identified as J.R., stepped out of the vehicle, and the officer ordered him to return to the vehicle. J.R. then fled on foot, despite the officer's command to stop. J.R. was

---

[1] *See* Ind. Code § 35-43-2-1.

[2] *See* Ind. Code § 35-43-4-2.

[3] *See* Ind. Code § 35-43-4-2.5.

[4] *See* Ind. Code § 35-44-3-3 (effective July 1, 2012, Title 35 Article 44 was repealed and replaced with Title 35 Article 44.1).

eventually caught on another street and returned to the area where the Avalanche was located. Overby was brought to the scene where the vehicle was located. As J.R. was being searched incident to arrest, police pulled an iPod from his pocket. J.R. nodded toward Overby and stated, "that belongs to him." *Tr.* at 26. Overby confirmed that he owned the iPod.

The State filed a petition alleging J.R. to be delinquent because he had committed acts that would be Class B felony burglary, Class D felony theft, Class D felony auto theft, and Class A misdemeanor resisting law enforcement if committed by an adult. A fact-finding hearing was held, at the conclusion of which, the juvenile court found the State had met its burden on each of the charges. At the disposition hearing, the juvenile court placed J.R. on probation with a suspended commitment to the Department of Correction. J.R. now appeals.

## DISCUSSION AND DECISION

J.R. argues that the juvenile court's true findings for both theft and auto theft cannot stand because, under the "single larceny rule," there was only one offense. Under the single larceny rule, when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single "larceny," i.e. a single offense. *Taylor v. State*, 879 N.E.2d 1198, 1204 (Ind. Ct. App. 2008) (citing *Raines v. State*, 514 N.E.2d 298, 300 (Ind. 1987)). "'The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design.'" *Id.* (quoting *Raines*, 514 N.E.2d at 300). Therefore, if only one offense had been committed, there may be only one judgment and

one sentence. *Benberry v. State*, 742 N.E.2d 532, 536 (Ind. Ct. App. 2001). Protections for individuals facing multiple convictions for a single act apply equally to juvenile adjudications. *H.M. v. State*, 892 N.E.2d 679, 682 (Ind. Ct. App. 2008), *trans. denied*.

In this case, the State filed a petition alleging J.R. to be delinquent because he had committed an act that would be Class D felony theft if committed by an adult. The State specifically alleged that J.R. broke into Overby's home and stole the victim's television iPod, and handgun. *Appellant's App*. at 29. The State also filed a petition alleging J.R. to be delinquent because he committed an act that would be Class D felony auto theft if committed by an adult. That count specifically alleged that J.R. stole Overby's 2007 Chevrolet Avalanche. These offenses, although occurring at the same time and at the same residence, are distinct because they each involved the violation of a different statute.

J.R. relies on *Stout v. State*, 479 N.E.2d 563 (Ind. 1985) for his contention that his true findings for theft and auto theft cannot stand. In that case, the defendant was charged with two counts of theft; in one count, he was charged with the theft of various items, including a television, a chain saw, and five guns, and in a second count, he was charged with the theft of an automobile from the attached garage. *Id*. at 568. Both counts alleged violation of Indiana Code section 35-43-4-2(a). *Id*. Our Supreme Court found that the defendant's convictions for both counts of theft violated the single larceny rule because the defendant exerted unauthorized control over several items of personal property, including an automobile, all of which were taken at the same time from the same place, the victim's home, and "[t]his constituted but one offenses in violation of a

single statute." *Id.* The Court stated that, in deciding an issue regarding the single larceny rule, the "the proper focus is on whether 'the offenses to be prosecuted and punished are the same, and not whether the offenses spring from the same act or operative circumstances . . . . The ultimate focus is on the identity of the offenses, not on the identity of their source.'" *Id.* (quoting *Elmore v. State*, 269 Ind. 532, 539, 382 N.E.2d 893, 897 (1978), *abrogated on other grounds by Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)). The Court determined that the only distinguishing factor between the two counts of theft was the property stolen and reiterated that the State cannot split up a single theft offense and make distinct parts of that single offense the basis for separate or multiple prosecutions. *Id.*

We find *Stout* to be distinguishable from the present case. There, the only difference between the two theft counts was the identity of the stolen property; everything else was the same, including the violated statute. Both counts alleged a violation of Indiana Code section 35-43-4-2. Here, such similarity does not exist. In the present case, Count II alleged a theft and a violation of Indiana Code section 35-43-4-2. *Appellant's App*. at 29. Count III alleged an auto theft and a violation of Indiana Code section 35-43-4-2.5. *Id.* At the time that *Stout* was decided, there was no distinct statute for the crime of auto theft. Indiana Code section 35-43-4-2.5 was enacted after the crimes in *Stout* occurred. The enactment of this separate statute indicated the General Assembly's intention that auto theft be considered a completely separate offense from theft and that violations of the two statutes be considered distinct. Therefore, in *Stout*, the defendant was convicted of two counts of theft, which were identical offenses except for

5

the identity of the property stolen. But here, true findings were made as to theft and auto theft, which are different offenses and violations of different statutes. We conclude that the crimes of theft and auto theft are distinct offenses, and J.R.'s true findings for both offenses did not violate the single larceny rule.

Affirmed.

NAJAM, J., and MAY, J., concur.