**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



FILED

Mar 07 2014, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

XXAVIER JONES,                          )
                                        )
    Appellant-Defendant,        )
                                        )
      vs.                   )   No.  79A02-1308-CR-705
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.         )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1106-FB-18

**March 7, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Xxavier Jones ("Jones") appeals his aggregate thirty-year sentence for Robbery, as a Class B felony,[1] Theft, as a Class D felony,[2] and two counts of Criminal Confinement, as Class B felonies.[3] He presents the sole issue of whether his consecutive sentences are subject to revision as inappropriate. We affirm.

## Facts and Procedural History

On May 24, 2011, Jones and an accomplice obtained a handgun and a stun gun and robbed the Purdue Employees Federal Credit Union Bank on Union Street in Lafayette. At the bank premises, they confined both employees and customers.

On September 1, 2011, the State charged Jones with the following offenses:

Count 1 – Conspiracy to Commit Robbery
Count 2 – Armed Robbery of cashier Maribella Ortiz
Count 3 – Armed Robbery of cashier Megan Shoaf
Count 4 – Armed Robbery of cashier Sarah Roussarie
Count 5 – Theft
Count 6 – Criminal Confinement of Ortiz
Count 7 – Criminal Confinement of Shoaf
Count 8 – Criminal Confinement of Roussarie
Count 9 – Criminal Confinement of loan officer Shelby Miller
Count 10 – Criminal Confinement of manager Megan Brown
Count 11 – Criminal Confinement of customer Michael Preuss
Count 12 – Criminal Confinement of customer Robert Staley

On May 4, 2012, Jones pled guilty to all counts without a plea agreement. On June 28, 2012, the trial court sentenced Jones to an aggregate term of thirty years imprisonment.

---

[1] Ind. Code § 35-42-5-1.

[2] I.C. § 35-43-4-2.

[3] I.C. § 35-42-3-3.

Specifically, Jones was sentenced to fifteen years for each of the Robbery convictions charged in Counts II, III, and IV, and to three years on the Theft count, with those sentences to run concurrently. Due to double jeopardy concerns, the trial court did not sentence Jones on the counts for Conspiracy or Criminal Confinement of bank employees. Jones was sentenced to fifteen years on each of the counts involving the confinement of customers (Counts 11 and 12), with those sentences to run concurrently, but consecutive to the Robbery sentence.

Jones appealed, contending that his convictions for three counts of Robbery and two counts of Criminal Confinement (of the customers) violated the constitutional ban on double jeopardy. Jones v. State, No. 79A02-1207-CR-622 (Ind. Ct. App. May 22, 2013). A panel of this Court determined that, under the "single larceny rule,"[4] Jones committed a single act of Robbery when he took cash from the bank. Slip op. at 3. However, the Court determined that Jones had engaged in separate acts when he confined the two customers. Slip op. at 2. The matter was remanded with instructions to vacate two of the Robbery convictions and resentence Jones on one count of Robbery. Slip op. at 3.

On July 24, 2013, the trial court issued an amended sentencing order. Jones was sentenced to fifteen years for Robbery, three years for Theft, and fifteen years for each of the Criminal Confinement counts. The Robbery and Theft sentences were to be served concurrently and the Criminal Confinement sentences were to be served concurrently to each

---

[4] In accordance with this rule, when several articles of property are taken at the same time, from the same place, belonging to several persons or the same person, there is but one larceny or offense. Raines v. State, 514 N.E.2d 298, 300 (Ind. 1987). The rationale behind the rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design. Id.

3

other. However, the Robbery sentence was to be served consecutive to the Criminal Confinement concurrent sentences, providing for an aggregate sentence of thirty years. This appeal ensued.

**Discussion and Decision**

A person who commits a Class B felony has a sentencing range of between six and twenty years, with ten years as the advisory term. I. C. § 35-50-2-5. A person who commits a Class D felony has a sentencing range of between six months and three years, with the advisory term being one and one-half years. I.C. § 35-50-2-7.

The trial court found as aggravating Jones's criminal history, the seriousness of the crimes (including threats of violence), and attempts to avoid detection. The trial court found as mitigating Jones's guilty plea and prior military service. Jones received a sentence of five years above the advisory for each of his Class B felonies. He received a maximum sentence for his Class D felony. Jones asks that we review his aggregate sentence and revise it pursuant to Indiana Appellate Rule 7(B) such that all of the sentences are to be served concurrently.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity

4

of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The nature of Jones's offenses is that he and an accomplice, armed with a handgun and a stun gun, took money from bank employees. Multiple persons, including customers, were confined and subjected to the threat of use of force from these weapons. As to Jones's character, he pled guilty, which reflects favorably on his character. See Scheckel v. State, 655 N.E.2d 506, 511 (Ind. 1995) ("[T]he fact that [the defendant] pled guilty demonstrates his acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character"). Jones has a criminal history including one felony conviction and two misdemeanor convictions in the State of Illinois.

Jones concedes that he has a criminal history and that various persons were present at the bank robbery; however, he insists that the instant crimes involve a single episode for which he deems consecutive sentences to be inappropriate. The essence of Jones's claim is that his aggregate sentence is rendered inappropriate because the trial court applied the concurrent/consecutive sentencing scheme differently on resentencing.

He argues that "the imposition of consecutive sentences was inappropriately harsh in this case" and notes that, on remand "the trial court did not at all adjust the total sentence

imposed upon [him]." Appellant's Brief at 4. However, absent changed circumstances, Jones is only entitled to a sentence that is not harsher than the first; he is not entitled to the same concurrent/consecutive sentencing treatment on remand as upon original sentencing. Gootee v. State, 942 N.E.2d 111, 114 (Ind. Ct. App. 2011), trans. denied. See also Flowers v. State, 518 N.E.2d 1096, 1098 (Ind. 1988) (finding no error where, in resentencing defendant, court applied sentencing statutes in a different manner but reached the same net result as in the first sentencing).

Here, Jones received the same net sentence on remand. We observe that Indiana Code 35-50-1-2(c) vested the trial court with discretion to order that the sentences be served consecutively. The imposition of consecutive sentences is justified by the fact that there were multiple victims confined. See Serino v. State, 798 N.E.2d 852, 857 (Ind. 2003) (observing that consecutive sentences in some circumstances are appropriate because they "seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person.")

Jones has not established inappropriateness, either in the length of individual sentences or the order that the Robbery and Criminal Confinement sentences be served consecutively.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.