## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2016, 5:41 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

Talon L. Roper,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 27, 2016

Court of Appeals Case No.
02A04-1601-CR-110

Appeal from the Allen Superior Court.
The Honorable Frances C. Gull, Judge.
Cause No. 02D05-1505-F2-9

## Garrard, Senior Judge

[1]    Following a bench trial, Talon Roper was found guilty of robbery as a Level 2 felony.[1]  The trial court also found beyond a reasonable doubt that Roper used a

---

[1] Ind. Code § 35-42-5-1 (2014).

firearm when he committed the robbery.[2]  The sole issue Roper raises on appeal, as restated, is whether his sentence enhancement for committing robbery resulting in serious bodily injury by use of a firearm violated double jeopardy.  We affirm.

[2]  On April 27, 2015, the victim, Bacilio Garcia, left work early due to illness and returned to his home in Fort Wayne, Indiana, sometime between 8:00 a.m. and 9:30 a.m.  While Garcia stood on the back patio smoking a cigarette, he observed Roper pulling on the door handles of the cars parked on the street.  When Roper pulled on the door handle of a car belonging to Garcia's neighbor, Garcia called to Roper and told him to "get away from that vehicle, [sic] I know it's not your property."  Tr. p. 14.  Roper replied, "What the [expletive] are you going to do about it."  *Id.* at p. 15.  Garcia, with his cell phone in hand, made a gesture indicating Roper should leave the car alone.

[3]  Roper brandished a handgun and fired twice at Garcia – walking closer to Garcia between shots.  Both shots missed Garcia.  Roper fired the gun a third time and a bullet struck Garcia in the abdomen.  Garcia collapsed on the porch.  While Garcia lay on the porch wounded, Roper walked to Garcia, grabbed Garcia's cell phone from his hand, and jogged away.

---

[2] See Ind. Code § 35-50-2-11 (2014).

[4] Garcia managed to crawl inside his house. He called to his mother-in-law, who was asleep on the couch, and told her he had been shot. Garcia's mother-in-law called 911.

[5] Police officers from the Fort Wayne Police Department and medics arrived at Garcia's house. Garcia told the officers what happened to him and provided a description of the person who shot him. While Garcia was tended to medically, the police officers began looking for the individual Garcia had described. One of the officers observed an individual walking near the scene of the shooting who matched the description provided by Garcia. The individual later was identified as Roper. When Roper saw the officer, he began to run away. The officer pursued Roper and watched him walk into a backyard of a house and "throw a black object." *Id*. at 53.

[6] The officer eventually ordered Roper to stop; Roper complied; and, the officer placed Roper in handcuffs. Roper was patted down and Garcia's cell phone was found in his pocket. The handgun used to shoot Garcia was found in the yard where Roper had discarded it.

[7] When Garcia arrived at the hospital, he underwent the first of three surgeries due to the seriousness of his injuries. His wounds were repaired and he eventually was released from the hospital. The bullet could not be removed surgically and remains lodged in Garcia's hip.

[8] Roper was arrested and charged with Level 2 felony robbery and Level 3 felony aggravated battery. The State filed an amended information, seeking a

sentencing enhancement based on Roper's use of a firearm in the commission of the robbery. Roper waived his right to a jury trial and his trial was heard by the court. At the conclusion of the trial, the court found Roper guilty as charged. The court sentenced Roper to twenty years for Level 2 felony robbery, and enhanced the sentence by ten years due to Roper's use of a firearm – for an aggregate sentence of thirty years executed.[3] Roper appeals.

[9] Roper contends he was subjected to double jeopardy when his sentence for robbery resulting in serious bodily injury was enhanced because he used a firearm to commit the offense. According to Roper, "either the 'single larceny rule', the 'continuous crime doctrine', the 'statutory evidence test', or the 'actual evidence test' operate[s] as a double jeopardy bar against [his] conviction and/or sentencing for [Level 2 felony robbery and the sentencing enhancement.]" Appellant's Br. p. 9.

[10] The Double Jeopardy Clause of the Indiana Constitution provides "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. Our supreme court concluded that two or more offenses are the same offense in violation of article 1, section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *See Garrett v. State*, 992 N.E.2d 710, 719 (Ind.

---

[3] The court vacated the Level 3 aggravated battery count on double jeopardy grounds.

2013) (citing *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999)). Sentencing enhancements are not offenses for double jeopardy purposes. *Cooper v. State*, 940 N.E.2d 1210, 1215 (Ind. Ct. App. 2011), *trans. denied*. "[T]he Firearm Enhancement Statute [, Ind. Code § 35-50-2-11,] only prescribes an additional penalty for felonies that are committed with the use of a firearm." *Id.*

### Statutory Evidence Test

[11]     Roper maintains his conviction of Level 2 felony robbery and the sentencing enhancement for his use of a firearm violate the statutory elements test. Roper contends the essential statutory elements alleged in the robbery and the sentencing enhancement counts are "virtually identical." Appellant's Br. p. 18. As such, his convictions and sentencing on both counts constitute a double jeopardy violation. We disagree. Sentencing enhancements are not offenses for double jeopardy purposes. *See Cooper*, 940 N.E.2d at 1215. Roper's double jeopardy claim on the basis of the statutory evidence test fails.

### Actual Evidence Test

[12]     Roper argues his conviction of robbery resulting in bodily injury and the enhancement for use of the firearm violate the actual evidence test. "Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts." *Garrett*, 992 N.E.2d at 719. To find a double jeopardy violation under this test, we must conclude that there is "'a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of

one offense may also have been used to establish the essential elements of a second challenged offense.'" *Id*. (quoting *Richardson*, 717 N.E.2d at 53). Roper's double jeopardy argument on the basis of the actual evidence test fails for the same reason his statutory evidence test claim failed. Sentencing enhancements are not offenses for double jeopardy purposes. *See Cooper*, 940 N.E.2d at 1215.

### *Single Larceny Rule/ Continuous Crime Doctrine*

Roper contends his convictions and sentence for both Level 2 felony robbery and the sentencing enhancement violated the single larceny rule and the continuous crime doctrine. According to Roper, because the confrontation between him and Garcia took place over a short period of time and in a localized area, only one chargeable crime was committed for which only one sentence is appropriate. We agree with Roper's premise but do not reach the same conclusion.

The single larceny rule has historically provided that "when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single 'larceny', *i.e.* a single offense." *Raines v. State*, 514 N.E.2d 298, 300 (Ind. 1987). "The rationale behind this rule is that the taking of several articles at the same time from the same place is pursuant to a single intent and design." *Id*. (citation omitted). "If only one offense is committed, there may be but one judgment and one sentence." *Id*.

[15] The continuous crime doctrine is a rule of statutory construction and common law limited to situations where a defendant has been charged multiple times with the same offense. *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015). The doctrine "applies only where a defendant has been charged multiple times with the same 'continuous' offense." *Id.* at 1220.

[16] The only offense Roper committed was robbery resulting in serious bodily injury. He took only one item from Garcia, that is, Garcia's cell phone. Roper was charged and convicted of one count of Level 2 felony robbery and one count of sentencing enhancement due to his use of a firearm when he committed the robbery. Roper did not take multiple items when he committed robbery, and he was not convicted of multiple charges of robbery or sentencing enhancement. Neither the single larceny rule nor the continuous crime doctrine applies under these circumstances.

### Ind. Code § 35-50-2-11

[17] Roper next attempts to rely on subsection (i) of Indiana Code section 35-50-2-11 (2015) to support a claim of double jeopardy.[4] Indiana Code section 35-50-2-11 provides in relevant part:

---

[4] Roper's offense was committed on April 27, 2015. Indiana Code section 35-50-2-11 was amended, effective July 1, 2015, to include (among other things) subsection (i). Roper asks this court to apply the amended statute to his case under the doctrine of amelioration. The doctrine of amelioration is an exception to the general rule that the sentence in effect at the time a crime is committed is the proper penalty. *Richards v. State*, 681 N.E.2d 208, 213 (Ind. 1997). The doctrine entitles defendants who are sentenced after the effective date of a statute providing for a more lenient sentence to be sentenced pursuant to that statute, as opposed to the statute in effect at the time the crime was committed. *Id.*

(d) The state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense.

. . .

(g) If the . . . court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense under subsection (d), the court may sentence the person to an additional fixed term of imprisonment of between five (5) years and twenty (20) years.

. . .

(i) A person may not be sentenced under subsection[ ] (g) . . . for offenses, felonies, and misdemeanors comprising a single episode of criminal conduct.

[18] We find Roper's argument inapposite because he was not convicted of multiple charges.

[19] For the reasons stated above, the judgment of the trial court is affirmed.

[20] Affirmed.

[21] Vaidik, C.J., and Barnes, J., concur.

---

We decline to determine whether the doctrine applies here, as we find Roper's claim of double jeopardy under Ind. Code § 35-50-2-11(i) inapposite.